[No. 414.   Decided March 21, 1892.]

P. FREDERICK AND W. H. MAUD, *Appellants,* v. WALTER A. SHOREY AND ADELINE J. SHOREY, *Respondents.*

FRAUDULENT CONVEYANCES—PROPERTY CLAIMED BY WIFE.

Where a husband, with the knowledge and consent of the wife, holds himself out to the world as the owner of certain realty, and where he obtains credit by reason of such supposed ownership, such property is subject to the rights of *bona fide* creditors, if the wife's proof of ownership therein is not clear and convincing; and where, after judgment against him for $255 and costs, the husband transfers such realty to his wife, his only other property being personalty valued at about $472, and other debts amounting to $436 were acknowledged by him to be due at the same time, said conveyance is void as against his execution creditors.

*Appeal from Superior Court, King County.*

Action by P. Frederick and W. H. Maud against Walter A. Shorey and Adeline J. Shorey, his wife, to set aside

certain conveyances by Shorey to his wife and subject the
property thereby conveyed to the payment of a judgment
obtained against the husband.

*Fishback, Hardin & Meek,* for appellants.

*J. H. Cannon,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—Between the first day of February and
the first day of April, 1889, the respondents became in-
debted to appellants in the sum of $221.07 for merchan-
dise furnished them for use in their hotel business, and on
the 15th day of October, 1890, appellants recovered judg-
ment against Walter A. Shorey in the superior court of King
county for the same.    The judgment, including costs and
not including interest, amounted to $255.17.    On this judg-
ment an execution was issued, which was, on December
10, 1890, by the sheriff of King county, returned wholly
unsatisfied, and with the certificate thereon that he could
find no property belonging to said Walter A. Shorey out
of which to satisfy the said execution, or any part thereof.
In the latter part of the year 1883, which was prior to the
time the debt was incurred, the respondent, Walter A.
Shorey, purchased the lots in question; the title to the lots
was taken and the conveyance made in the name of the
respondent, Walter A. Shorey, and the title was in him
when the debt was contracted, though it is claimed by re-
spondents that the lots were bought with the separate
money of respondent, Adeline J. Shorey, and that said lots
were at all times since the purchase her exclusive property.
On October 25, 1890, shortly after the judgment was ob-
tained by appellants, the respondent, Walter A. Shorey,
conveyed by deed to his wife, Adeline J. Shorey, the said
lots, and at the same time conveyed by bill of sale all of
the personal property, furniture and furnishings in a hotel

which had been erected on said lots subsequent to their
purchase, the consideration named in said instrument of
conveyance being "the love and affection which he bears
his said wife, and the sum of one dollar."

It is admitted that no money or other thing of value
passed from Mrs. Shorey to her husband at the time of the
conveyance, but respondents claim that at the time of the
purchase of the lots it was understood between them that
the lots should be her separate property, and it is claimed
that this equity of the wife is sufficient to support the
transfer from her husband to herself as against his credit-
ors; while the appellants contend that as against credit-
ors the transfer was fraudulent and void; and this action
is brought to subject said property to the payment of their
debts.    The testimony on the part of the respondents to
the effect that the lots were purchased with the separate
means of the wife, and that it was understood that the lots
were to be her separate property is, in our opinion, not
very satisfactory or convincing.    Where a husband, with
the knowledge and consent of the wife, holds himself out
to the world as owner of property, and where the record
title is allowed to remain in him, and he obtains credit by
reason of such supposed ownership, as the testimony shows
that the respondents did, the proof of ownership in the
wife should be most clear, satisfactory and convincing, if
indeed it can prevail at all against the rights of *bona fide*
creditors.    In this case an unusual state of affairs is testi-
fied to, viz.: That after a man and woman have been
married and have lived together as man and wife for eight
or nine years, that the husband should appear on the scene
in a new country penniless, while the wife has money suf-
ficient to speculate in real estate to the extent of six hun-
dred and fifty dollars, especially when the testimony of
the wife, if given full credence, shows that at the time of
her marriage she owned nothing but an organ which she

had some time before (how long before is not stated) purchased for $125, and, in the language of the witness, "pictures and other things worth, I think, about two hundred dollars." Add to this the fact that the property when bought was taken in the name of the husband, and that it was not transferred to the wife until after judgment was obtained by the appellants, and that at the time of said transfer all the furniture of the hotel was also conveyed to the wife, and it shows a transaction which, on its face at least, is rather cloudy. But whether or not the lots were bought with the separate property of the wife, there is no pretense but that the improvements and furniture, amounting to many hundreds of dollars, were procured largely by the husband. The whole testimony shows conclusively that the hotel on the lots in question was built and furnished out of the proceeds of the hotel business which the respondents were engaged in in another part of the city while they were improving the lots in question, for Mrs. Shorey does not pretend to claim that she had separate means other than those which she invested in the purchase of the lots. In fact, she testifies that she borrowed one hundred dollars of that amount from her mother, which she afterward paid back, and which was, in all probability, taken from the proceeds of the husband's business, and to this extent at least the conveyance was a voluntary one, and, if so, was fraudulent as against creditors. On this proposition we cite no authorities for they are uniform.

So that the real question for decision is, did respondent have other property at the date of the transfer out of which appellants could have collected their debt? The issuance of an execution and the return of *nulla bona* thereon is the usual showing made anterior to the commencement of this action. This was done in this case, but the return of the officer was disputed, and the respondent undertook to prove that as a matter of fact he did have

other property sufficient to satisfy his debts. But even if the return of the officer could be disputed in the manner attempted in this case, we think that as a matter of fact it was not successfully disputed. All the property which the respondent claims to have had at the time of the transfer was two horses, one of which he afterward sold for one hundred and fifty dollars, which would make the span of horses worth three hundred dollars, concluding that the other horse was equally valuable; an express wagon, which he sold for eighty-five dollars; a harness which he sold for twenty-two dollars, and a buggy which he says he gave sixty-five dollars for, but how long before is not testified to, and its value at the time of the transfer was not proven, but according to his own figures the property would only represent four hundred and seventy-two dollars, which at a forced sale would, in the light of all experience, do well if it brought fifty per cent. of the estimated value, which would be \$236 to pay a judgment of \$255 besides interest and costs of levy and sale, not taking into consideration other debts acknowledged by the respondent to be due at the time of the transfer of \$436. Our conclusion is, that as against the claim of the appellants the said conveyances and each of them are fraudulent and void; that appellants' judgment is a lien on the real estate described in the complaint, and that said real estate and the said personal property, or as much thereof as may be necessary, be sold according to law, and the proceeds applied to the satisfaction of appellants' judgment, including the costs of this action in the superior and in this court.

The judgment is therefore reversed, and the cause remanded to the lower court with instructions to enter judgment in accordance with this opinion.

HOYT, STILES and SCOTT, JJ., concur.

ANDERS, C. J., not sitting.