[No. 992. Decided February 7, 1894.]

DORA LIEBENTHAL, *Respondent*, v. JAMES H. PRICE, *Sheriff, et al., Appellants.*

WRONGFUL ATTACHMENT— EVIDENCE — COMPETENCY — OBJECTIONS.

In an action by a wife for damages for the wrongful attachment of property which her husband had transferred to her in payment of a loan by her to him, and where, for the purpose of proving the *bona fides* of the transaction, she was attempting to show that she had received a certain sum from her father's estate which constituted the loan to her husband, it was not error to admit in evidence a copy of her receipt for the amount to the representative of her father's estate, when the only objection made thereto was that it was secondary evidence, although the original receipt itself would have been inadmissible, if objected to on the ground of incompetency.

*Appeal from Superior Court, Pierce County.*

*Stevens, Seymour & Sharpstein,* for appellants.
*Crowley & Sullivan,* for respondent.

The opinion of the court was delivered by

ANDERS, J. — Some time prior to the month of April, 1891, Max Liebenthal, the husband of the respondent, and one Fournier, were engaged in the cigar and tobacco busi-

ness in the city of Tacoma, under the firm name of Lieben-
thal & Fournier.    This firm was dissolved by mutual
consent on or about the date aforesaid, and Max Lieben-
thal, the husband of the respondent, took his partner's in-
terest in the assets of said firm, and carried on the business
until June 4, 1891.    On that day he made a bill of sale of
the contents of the store to the respondent in consideration
of two thousand dollars which he claimed to owe her.
After this bill of sale was made and recorded, the Rosen-
feld-Smith Company, a corporation, brought an action
against Liebenthal & Fournier to recover a balance alleged
to be due for goods sold and delivered, and in that action
a writ of attachment was issued and levied upon the con-
tents of the cigar store by the appellant, James H. Price,
then sheriff of Pierce county.    A judgment was thereafter
obtained in favor of the plaintiff, and execution issued, and
the property so attached was sold under said writ of exe-
cution at public auction, and was bid in by the Rosenfeld-
Smith Company, and the proceeds applied in satisfaction
of their judgment.    Soon thereafter the respondent insti-
tuted this action for damages alleged to have been sus-
tained by the wrongful levy and sale of the said property.
The claim of the respondent was contested by appellants
on the ground that the bill of sale was fraudulent and void,
and designed as a shield to prevent the property of Lieben-
thal from being appropriated to the payment of his debts.
On the trial the jury rendered a verdict in favor of the
respondent, upon which judgment was subsequently en-
tered.

It is contended here by appellants that the judgment
must be reversed for the reason that the evidence is not of
that clear and satisfactory character which the law requires
in order to establish the good faith of a transaction between
husband and wife.    In such cases the burden of proof is
imposed by our statute upon the party asserting the good

faith of such transaction. See Gen. Stat., § 1455.    And it is generally held, when transfers of property from husband to wife are questioned on the ground of bad faith, that the payment of a valuable consideration must be shown by proof of the most satisfactory character.  Bump, Fraudulent Conveyances, p. 306; *Horton v. Dewey*, 53 Wis. 410 (10 N. W. 599); *Fisher v. Shelver*, 53 Wis. 498 (10 N. W. 681).

It is shown by the testimony of the respondent that some years prior to the making of the bill of sale, she loaned her husband three thousand dollars, which she had procured from the representatives of her father's estate, and that the bill of sale in question was given in part payment of this loan.    In this she was corroborated by her husband; and her brother also testified that she received said sum from the estate of her father.    No positive testimony was offered to contradict this evidence, but it was attempted to impeach the good faith of the parties to the transaction by showing that Max Liebenthal, at the time the bill of sale was given, was largely indebted to divers parties, and that, on or about the date of the bill of sale, he sold and conveyed other property under circumstances showing an intention to prevent his creditors from reaching it, and that the respondent's testimony concerning this sale, on a former occasion, was, in several particulars, at variance with her testimony upon the trial.    The respondent, as further proof that she actually received three thousand dollars from her father's estate, offered in evidence a copy of a receipt which she claimed she had given to the representative of the estate for the money received by her.

It is urged by counsel for appellants that the court erred in permitting this copy to be given in evidence over their objection.    A reference to the record discloses the fact that this paper was objected to on the ground that it was incompetent and immaterial, being only a copy, and there-

fore secondary and not the best evidence; and the objection was urged upon that ground in this court. If the point had been made in the court below that the original receipt, if produced and offered in evidence, would have been incompetent, and not merely that a copy thereof was inadmissible, then its reception would undoubtedly have constituted error. No objection was made that a proper foundation had not been laid for the introduction of secondary evidence, and no error is or could be assigned on that ground. It therefore follows that the copy, under the circumstances, was properly permitted to go to the jury.

While there are some circumstances in evidence having a tendency to show that the bill of sale in question was executed by Liebenthal to the respondent for the purpose, as claimed by appellants, of hindering, delaying and defrauding creditors, yet, in view of the positive testimony in the record, that the transfer was made in payment of a *bona fide* indebtedness, we are unable to say that the evidence, as a whole, was not sufficiently clear and explicit to justify the verdict of the jury. We are not satisfied from the evidence that the respondent, in receiving the bill of sale of the goods in controversy, intended to defraud any of the creditors of her husband, and in the absence of such an intention she should not be deprived of the property so purchased.

Some objections are made in the brief of counsel for appellants to the charge of the court to the jury, but as the instructions given do not appear in the record, we must presume that the law was properly given by the court. In fact, all objections but those we have considered were waived on the argument by the learned counsel for the appellants.

The judgment is affirmed.

DUNBAR, C. J., and HOYT, SCOTT and STILES, JJ., concur.