[No. 2088.  Decided February 18, 1896.]

MARY C. KEMP, *Respondent*, v. GEORGE F. FOLSOM, *Appellant*.

HUSBAND AND WIFE—SEPARATE PROPERTY OF WIFE IN HUSBAND'S NAME —LIABILITY FOR HIS DEBTS—ACTION TO ENJOIN LEVY AND SALE —PLEADING.

In an action by a married woman to enjoin the sale of her separate property for a community debt incurred by the husband, proof of the character of the property is admissible under an allegation in the complaint that the plaintiff is the owner and that the property is her sole and separate property, although such allegation may be merely a conclusion of law.

The fact that the record title to the wife's separate realty is allowed to remain in the name of the husband while he contracts debts in carrying on business, will not, in the absence of bad faith and fraudulent intent, estop the wife from asserting her title thereto.

Appeal from Superior Court, King County. — Hon. RICHARD OSBORN, Judge.  Affirmed.

*Hastings & Stedman*, and *Coleman & Quinby*, for appellant.

*F. H. Hinckley*, and *Jacobs & Jacobs*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The first error complained of by the appellant is the refusal of the lower court to sustain his objection to the introduction of testimony on account of the defective complaint, for the alleged reason that there was no allegation in the complaint which would show that the property in controversy was the separate property of the respondent.  The allegation of the complaint is that the plaintiff is the owner and that the property is her sole and separate property. This, it is contended by the appellant, is a conclusion of law, and is not an allegation of the existence of one

of the conditions necessary to make the land respondent's individual property.   We think this criticism of the complaint is hypercritical.   Ordinarily, of course, it is not proper to plead conclusions of law, but sometimes it is difficult to distinguish between a conclusion and a fact, and in this instance that was all that could have been pleaded without interjecting into the complaint evidentiary matters such as the deraignment of title, etc., which in our judgment was not necessary. The other technical objections we think are equally trivial.   In our judgment the complaint was sufficient, the action was necessary to maintain respondent's rights, and the appellant was in no way injured by the entry of the judgment in the manner and at the time it was entered.   So that, if there is any case here worthy of discussion, it is upon the merits.

In this case the record shows that the respondent, a married woman, had left her by her mother's will a certain amount of money; that during the time her husband was engaged in the mercantile business in Seattle she invested this money by his advice in the land in question, the deed to which was made out in his name and so recorded.   During the time the record title remained in the husband, he contracted certain debts which he was unable to pay, and closed up his mercantile business.   After the debts were incurred, and about six months prior to the commencement of the suit to collect the same, the husband deeded the property to his wife (respondent here) so that the question is, is the wife estopped from claiming land, the record title of which was in her husband at the time he contracted the debts which are sought to be collected from the proceeds of the land?   This is a question that has never been decided by this court.

The appellant cites *Frederick v. Shorey*, 4 Wash. 75 (29 Pac. 766), where we decided that where a husband with the knowledge and consent of the wife holds himself out to the world as the owner of certain realty, and where he obtains credit by reason of such supposed ownership, such property is subject to the rights of *bona fide* creditors if the wife's ownership therein is not clear and convincing. In that case, however, the transfer from the husband to the wife was made after judgment obtained against him, and all the circumstances of the case convinced us that the transaction was a dishonest one, and that the wife was not *bona fide* the owner of the property. We think, however, that it would be too harsh a rule to announce that under any circumstances the wife should be estopped from claiming her interest in realty which had been held in the name of the husband as against the creditors of the husband for credit obtained during the time such land was so held, notwithstanding the fact that the intimate relations existing between husband and wife render the perpetration of a fraud upon creditors in this sort of a transaction more probable than in cases where the parties did not sustain towards each other such relations. We think a better rule would be that the court should insist upon the most clear and convincing proof of the *bona fides* of the transaction, but that when it did conclusively appear from the testimony that the property in dispute was actually the separate property of the wife, her interests ought to be protected by the courts, notwithstanding the fact that the record title was allowed to remain for a while in the husband; and if there ever was a case that came within the provisions of such a rule we think it is the case at bar. The testimony shows conclusively, if testimony can be relied upon at all, that

the money which was invested in this land was the separate estate of the wife, and there is nothing in the record to create a suspicion even that such is not the case, either by cross-examination, which was rigid, or by contradictory testimony. The uncontradictory testimony showed that this money had come to the respondent from her mother's estate a few years ago, that it had been kept separate and distinct from her husband's estate, that when she received it she deposited it in a bank and took a certificate of deposit in her own name, that she had invested it in real estate in Le Grande, Oregon, and took the deed in her own name, that she sold the property at Le Grande, and went to California, where the money was again deposited in the bank by her and a certificate issued to her individually, that after she came to Seattle the money was again deposited in the bank, and a certificate of deposit issued to her, that it was uniformly treated, both by her and her husband as her separate property, over which neither the husband nor the community had any control, that at the time the purchase of this land was made, the deed was made to the husband simply for the purpose of convenience, as she expected to sell it again in a short time; and there is no indication of fraud or unfairness anywhere to be discovered. There is some testimony showing that the wife of the respondent demanded of her husband either that the land be deeded to her or that she be paid her money back, and it is contended by the appellant that this testimony shows that her husband was her creditor, and that the land did not actually belong to the respondent. We do not think that the testimony bears this construction, but, in any event, the husband would have the same right to prefer a wife as he would any other creditor.

The appellant insists that it would be a monstrous doctrine to permit community property to be taken to satisfy a debt due from one member of the community to another in a case where there were community creditors, and no property to satisfy such creditors except the property so transferred, but even if the testimony should bear the construction that·is claimed for it by the appellant, it would not be community property, but it would be the separate property of the husband. There is no testimony at all tending to show that there was ever any intention on the part of the respondent or her husband to merge this property into the community estate. We are also satisfied from the testimony that the finding of the court that the husband did not at any time while the legal title of said amount remained in his name hold himself out or represent himself either expressly or indirectly to the assignors of defendant Folsom, or to any of them, or to any other person or persons to be the owner of said land, and.that the creditors did not give him credit relying upon his ownership of said land, is entirely justified. . The testimony shows that the husband, Mr. Kemp, had been buying goods of these parties for a long time, and had been paying the cash for the same until a short time prior to his failure. The amounts of credit extended to him were exceedingly small,. and we are satisfied that they were extended to him by reason of his prompt and fair dealings in .former transactions, instead of by reason of the record title of.this piece of land resting in him.

The judgment will be affirmed.

ANDERS, SCOTT and GORDON, JJ., concur.