[No. 3493.  Decided March 24, 1900.]

### J. F. ADAMS, *Appellant,* v. CHRISTOPHER C. DEMPSEY *et al., Respondents.*

FRAUDULENT CONVEYANCES—CHATTEL MORTGAGES—EVIDENCE—DEC-LARATIONS AGAINST INTEREST.

Declarations of a mortgagor, made after the execution of the mortgage, which tend to show that his object in executing it was for the purpose of hindering and defrauding creditors, are admissible in evidence where the good faith of the transaction is in issue.

SAME—INSTRUCTIONS.

In an action involving the good faith of a debtor in having executed a chattel mortgage, it is not error for the court to refuse to charge the jury that they would not be warranted in finding plaintiff's mortgage to be fraudulent, even if they believed from a preponderance of the evidence it was fraudulent; "the evidence must go further; it should be clear and convincing," since it is sufficient if the minds of the jury are satisfied of fraud from a preponderance of the evidence.

SAME.

In such an action, a charge to the jury that if they find that any considerable part of the proceeds of the property, after the execution of a mortgage thereon and the taking possession thereunder, were retained by the mortgagor with the consent of the mortgagee, or that if, having received any considerable part of the proceeds, said mortgagee turned the same over to the mortgagor for his benefit, then said mortgage was fraudulent and void, is erroneous, for the reason that it precludes the jury from any investigation of the good faith of the parties, or the reasons underlying their conduct.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge.    Reversed.

*W. J. Thayer,* for appellant:  ·

The rule that fraud must be proved by clear and satisfactory evidence is undoubted.  1 Jones, Evidence, § 190; *Rice v. Jerenson,* 11 N. W. 549; *F. Dohmen Co. v. Nia-*

*gara Fire Ins. Co:,* 71 N. W. 69; *Walker v. Collins,* 59 Fed. 70; *Jones v. Lewis,* 23 Atl. 985; *Wallace v. Mattice,* 20 N. E. 497.

*Danson & Huneke,* for respondent:

Where the *bona fides* of a transfer is attacked by creditors, and some evidence has been given showing a common design to defraud, declarations of the grantor after the transfer are admissible against the vendee. *Hartmen v. Diller,* 62 Pa. St. 37; *Souder v. Schechterly,* 91 Pa. St. 87; *Price v. Junkin,* 4 Watts, 85 (28 Am. Dec. 685); *McKee v. Gilchrist,* 3 Watts, 230; *Cuyler v. McCartney,* 33 Barb. 171; *Waterbury v. Sturtevant,* 18 Wend. 354; *O'Neil v. Glover,* 5 Gray, 144.

The opinion of the court was delivered by

GORDON, C. J.—The plaintiff in this action held a chattel mortgage upon a stock of goods owned and in the possession of his brother, doing business in Spokane. The defendant is sheriff of that county. The action was brought to recover damages because of wrongful attachment and sale of the goods covered by plaintiff's mortgage. The defense was that the mortgage was in fraud of creditors of the mortgagor and consequently void. From a judgment in defendant's favor, plaintiff appealed.

We will not review the evidence. The appellant, among other alleged errors, complains that it was not sufficient to justify the verdict, while the respondent just as strenuously contends that the verdict is so manifestly just that it ought to stand, regardless of errors, if any there were, occurring at the trial. As we have concluded that a new trial must be awarded, we will notice only such questions as are likely to arise thereon. It was not error for the trial court to have admitted testimony as to the declaration made by the mortgagor after the mortgage was given.

The law in this jurisdiction was settled in *O'Hare v. Duckworth*, 4 Wash. 471 (30 Pac. 724).    Nor was it error to refuse to charge the jury, as requested by appellant, that they would not be warranted in. finding "plaintiff's mortgage to be fraudulent," even if they believed from a preponderance of the evidence "it was fraudulent; the evidence must go further; it should be clear and convincing;" otherwise, "your verdict should be for the plaintiff."    It is sufficient to say that while proof of fraud must be clear and convincing, and such as to satisfy the minds of the jury, still, in a given case, if the jury "believe from a preponderance of the evidence" that a transaction is fraudulent, that is sufficient, and their verdict should reflect that belief.

Instruction 22 was as follows:

" The jury are further instructed that if you find from the evidence that any considerable part of the proceeds of such property, after the execution of said mortgage and the taking possession of the property thereunder, were retained by said Harry. C. Adams by and with the consent of the plaintiff, or that if, having received any considerable part of the proceeds, said plaintiff turned the same over to said Harry C. Adams for his own benefit, then I instruct you that said mortgage was fraudulent and void, and in that case your verdict should be for the defendants."

The propositions involved in this instruction were squarely passed upon in *Ephraim v. Kelleher*, 4 Wash. 243 (29 Pac. 985, 18 L. R. A. 604).    In that case it is said:

" The tendency of the later decisions appears to be against declaring these instruments fraudulent in law, unless they are necessarily so upon their face, and towards leaving the question of fraud open to investigation as matter of fact; and this would seem to be not only consonant with reason, but in accord with sound policy."

Under the instruction above set out the jury were precluded from any investigation of the question of the good

faith of the parties, or the reasons underlying their conduct, all of which should have been left for their consideration, under proper instructions.

The only evidence applicable to the second proposition involved in the instruction was that the mortgagee, having collected the sum of three dollars—being proceeds of the sale of a portion of the mortgaged goods—thereupon turned the same over to the mortgagor, telling him to take it, as he "might need it." The testimony concerning this transaction was clear and undisputed, and the effect of this latter instruction was to tell the jury that the plaintiff could not recover. The instruction should not have been given.

The judgment must be reversed and a new trial awarded.

DUNBAR, FULLERTON and REAVIS, JJ., concur.