[No. 4828.     Decided April 23, 1904.]

J. F. ADAMS, *Respondent,* v. CHRISTOPHER C. DEMPSEY
et al., Appellants.[1]

FRAUDULENT CONVEYANCES — CHATTEL MORTGAGE IN FRAUD OF
CREDITORS—GOOD FAITH—EVIDENCE—SUFFICIENCY.    Upon an issue
as to whether a chattel mortgage given by a debtor was fraudu-
lent and void as to attaching creditors, there is sufficient evidence
to require the good faith of the transaction to be submitted to
the jury, where it appears that the mortgage was given by the
debtor to his brother when insolvent and on the brink of financial
ruin, that the mortgage covered all his property, valued at from
$3,000 to $4,000, while the debt secured was only $1,650, and that
the debtor had repeatedly said that he owed his brother nothing.

SAME—FRAUD IN LAW—INSTRUCTION AS TO FACTS CONSTITUTING
FRAUD.    Upon an issue as to whether a conveyance was fraudu-
lent as to creditors, it is proper to instruct that a debtor in failing
circumstances, who transfers all his property to one creditor with
a secret understanding to receive part of the proceeds or secure a
benefit at the expense of other creditors, is guilty of a fraud upon
his creditors; since such facts constitute fraud in law, and are
more than mere evidence of fraud.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered March 6, 1903, in
favor of plaintiff, upon setting aside the verdict of a jury
rendered in favor of the defendants, after a trial on the
merits.    Reversed.

*Danson & Huneke,* for appellants.

*W. J. Thayer,* for respondent.

FULLERTON, C. J.—This action was begun in June,
1898, by the respondent, J. F. Adams, to recover from
the appellant C. C. Dempsey, who was the sheriff of Spo-
kane county, and his co-appellants, who were sureties on his
official bond, the value of a stock of groceries and of

[1]Reported in 76 Pac. 538.

certain store fixtures, which, it was alleged, the respond-
ent Dempsey, as sheriff of Spokane county, had wrong-
fully seized and sold. The record discloses that, some time
prior to the date above mentioned, the respondent had been
engaged in the grocery business, in the city of Spokane,
and had sold such business to his brother, one Harry C.
Adams; that Harry C. Adams thereafter conducted the
business in his own name, and, while so doing, became
indebted to sundry wholesale dealers, who began pressing
him for payment; that he thereupon executed a chattel
mortgage on all his stock and fixtures to his brother, J. F.
Adams, to secure a purported indebtedness of $1,650, and
immediately placed his brother in possession of the prop-
erty. Certain of the creditors of Harry C. thereupon com-
menced actions on their accounts, and sued out writs of
attachment, under which the sheriff seized the mortgaged
property, which he afterwards sold on executions issued
on judgments obtained in the attachment actions. The
present action was thereupon begun, against which the
sheriff and his co-defendants defended on the ground that
the chattel mortgage was in fraud of the creditors of
Harry C. Adams, and consequently void.

The case was tried before the court and a jury. At the
conclusion of the appellants' evidence, the respondent chal-
lenged the legal sufficiency of such evidence to sustain the
charge of fraud, and moved the court to discharge the
jury, and enter a judgment in his favor, pursuant to
the provisions of section 4994 of the Code (Ballinger's).
This motion the court denied, and afterwards submitted
the question of the good faith of the mortgage to the con-
sideration of the jury, who returned a verdict in favor
of the appellants. The respondent thereafter moved the
court to set aside the verdict and grant a new trial, and,
on the hearing of this motion, urged anew the question

of the sufficiency of the evidence to justify the jury in finding the mortgage fraudulent. The trial judge reconsidered his former ruling, held the evidence insufficient, set aside the verdict of the jury, and entered a judgment in favor of the respondent for $2,083 and costs of the action. This appeal is from that judgment.

Counsel for the respective parties have discussed at length the interesting question, whether or not the trial court had power, after the return of the verdict of the jury, to review and reverse its former ruling on the sufficiency of the evidence, but we have found it unnecessary to determine the question. This was the fifth time this case had been tried, each trial being had before a jury. On two of these trials the jury disagreed, and on three of them they found for the defendants—the present appellants. The two former verdicts in favor of the defendants were set aside by this court, on the appeal of the present respondent, because of error in the instructions of the court; 22 Wash. 284, 60 Pac. 649, 79 Am. St. 933; 29 Wash. 155, 69 Pac. 738. It is not disputed that the evidence touching the validity of the chattel mortgage was, in all of these trials, substantially the same, and that in all of them, prior to the last one, it was assumed, if not conceded, that the evidence, if believed by the jury, was sufficient to sustain a judgment in favor of the defendants. While these facts may not require a reversal of the present judgment, if it be true that the evidence is insufficient to sustain such a judgment, still it would seem that it furnished some reason for doubting the soundness of the contention that it was insufficient to sustain the verdict.

But a perusal of the evidence itself does not, to our minds, leave the question in doubt. The transaction was between brothers. The mortgage was given to secure a purported debt to a person to whom the mortgagor had

repeatedly declared he owed nothing. It was given when the mortgagor was insolvent, when he was on the brink of financial ruin, and its effect was, if valid, to defeat creditors who had sold the mortgagor on credit some of the very goods included in the mortgage. The stock of goods and fixtures were estimated by the mortgagor at $4,000, by the mortgagee at $3,000, and the debt was but $1,650; yet the parties included in the mortgage everything the mortgagor owned—not only the grocery and its fixtures, but a cow and her calf, four horses, two delivery wagons, one buggy, one set double harness, and one set single harness, a part of which only could be said to have any connection with the grocery. There was evidence of acts, participated in by the mortgagee, occurring subsequently to the execution, that were hardly consistent with the idea that the mortgage was given solely to secure a debt, but it is unnecessary to pursue the inquiry further. The evidence made the question of fraud one for the jury, and the court erred in holding otherwise.

This conclusion requires a reversal of the judgment, and it becomes material to inquire what form the order remanding the cause to the lower court should take. The respondent insists that he is entitled to a new trial in any event, on the ground of the erroneous instructions given the jury. The instructions complained of are as follows:

"16th. A debtor who is insolvent, or in failing circumstances, has no right to execute a chattel mortgage upon all of his property and surrender possession thereof to one creditor, and have a secret understanding with the mortgagee that said debtor shall secretly receive any part of said property or the proceeds thereof, so as to wrongfully deprive any other creditor thereof. And where such is the fact, such chattel mortgage is fraudulent and void.

"17th. If a debtor in failing circumstances makes a transfer of all his property, purporting upon its face to be absolute and without reservation, and at the same time there is a concealed agreement between the parties to it, inconsistent with its terms, intending to secretly secure a benefit or an advantage to the debtor at the expense of those whom he owes, such a trust thus secretly created is a fraud upon creditors."

It is claimed that these instructions are erroneous because the trial court has no right to say "that this or that circumstance showed fraud, as a matter of law, but that all the circumstances should be submitted to the jury as evidence only." But the respondent mistakes the rule. While it is error to say that particular acts, if proven, constitute fraud, when in fact they are only evidence of fraud, yet, if the circumstances proven do constitute fraud, it is not error for the court to so tell the jury. In other words, there are certain conditions that constitute fraud in law, whether it be the result of one or of a series of acts, and it is never error for the court to instruct the jury what these conditions are, if pertinent to the particular case. The instructions complained of here do not violate the rule. The court should have entered judgment on the verdict. The judgment is therefore reversed, and the cause remanded, with instructions to enter a judgment in accordance with the verdict of the jury.

MOUNT, DUNBAR, HADLEY, and ANDERS, JJ., concur.