[No. 7423.  Decided October 6, 1908.]

ANNA CANEDY, *Appellant*, v. FRANK M. SKINNER *et al.*,
    *Respondents*, MORAN & COMPANY *et al.*, *Defendants.*[1]

FRAUDULENT CONVEYANCES—HUSBAND TO WIFE—PRESUMPTIONS—
EVIDENCE—SUFFICIENCY.  There is sufficient evidence to sustain a
finding that a conveyance from a husband to a wife was fraudulent
as to creditors, in view of Bal. Code, § 4580, raising such presump-
tion and casting the burden on the wife to overcome the same by
clear and satisfactory proof, where her testimony to the effect that
the property was conveyed to her for the expressed consideration of
$5,000 in payment of a note of $800 for money loaned by her to him,
which money had been loaned to her sister before marriage, was
contradicted by evidence tending to show admissions that she had
given her money to another and lost it, and neither her sister or
husband were called to testify.

Appeal from a judgment of the superior court for Snoho-
mish county, Black, J., entered November 25, 1907, upon
findings in favor of the defendants, after a trial before the
court without a jury, in an action to set aside an execution
sale.  Affirmed.

*Hulbert & Husted*, for appellant.

*Merrick & Mills*, for respondents.

RUDKIN, J.—The plaintiff, Anna Canedy, and the defend-
ant S. S. Canedy intermarried in Snohomish county, on the
11th day of September, 1903, and are now husband and wife.
At the time of the marriage, the husband was the owner of
the quarter section of land now in controversy, together with
a shingle mill and certain other real property.  On the 25th
day of February, 1905, the husband conveyed this quarter
section and the other property to the wife by warranty deed,
the deed reciting a consideration of $5,000.  On the 15th day
of June, 1905, the defendant Moran & Company, a corpora-
tion, recovered judgment against the husband in the superior

[1]Reported in 97 Pac. 497.

court of Snohomish county, in the sum of $410.55. On the 24th day of July, 1905, the defendant Bruhn & Henry, Incorporated, recovered judgment against the same defendant in the same court, for the sum of $265. On the 25th day of July, 1905, the Merchants Protective Association recovered judgment against the same defendant in the same court for the sum of $537.54. The property in controversy was thereafter sold under execution on the two first-mentioned judgments, by the sheriff of Snohomish county, and the assignee of the last-mentioned judgment has redeemed from the sales so made.

This action was instituted by the wife against the husband, the judgment creditors, and the sheriff, to cancel and annul the sheriff's sales and remove the cloud from the plaintiff's title. From a judgment in favor of defendants, the plaintiff has appealed.

Briefly stated, the contention of the appellant is that she loaned her husband the sum of $800, on the 1st day of November, 1904, taking his promissory note therefor, and that thereafter, by agreement between her husband and herself, the property now in controversy was conveyed to her in payment and satisfaction of the loan so made. In support of this claim, the appellant testified that, some time prior to her marriage, she loaned the sum of $800 to her sister; that this loan was repaid after her marriage, the principal and interest amounting to the sum of $870; that this money was placed in a drawer in her husband's safe, and remained there for about a month; that she loaned $800 of this sum to her husband, taking his promissory note therefor; that soon thereafter the husband became involved and could not repay her; that she requested him to convey this property to her in payment of the loan; that he demurred at first, but later executed a deed in her favor for this and other property, the deed reciting a consideration of $5,000; that she told her husband that this was not according to their agreement, but

he replied that it would be all right; that thereafter she conveyed the property included in this deed, other than the property in controversy, to a third person, at her husband's request. The witness produced the $800 note at the trial, with the signature torn off, and offered bank statements tending to show that she had about this amount on deposit some time prior to the alleged loan to her sister. She was corroborated by another witness as to the loan to the husband and the execution of the note.

The respondents, on the other hand, offered testimony tending to show admissions on the part of the appellant to the effect that she had given her money to a barkeeper to buy a saloon, and that it was lost to her, and other admissions tending to show that she was without means. The sister to whom the loan was made was not called as a witness, nor was her deposition taken; and the husband did not testify, though apparently within reach of the process of the court.

Under our statute, the conveyance from the husband to the wife was presumptively fraudulent as against creditors [Bal. Code, § 4580 (P. C. § 3864)], and the burden was on the appellant to overcome this presumption by clear and satisfactory proof. *Liebenthal v. Price*, 8 Wash. 206, 35 Pac. 1078; *Bates v. Drake*, 28 Wash. 447, 68 Pac. 961. The appellant testified to facts tending to overcome this presumption, and was not contradicted by any direct testimony; but the court below, with its superior advantages and opportunities, has decided against the *bona fides* of her claim, and there is nothing in the record to convince us that its conclusion was erroneous.

The judgment is therefore affirmed.

Hadley, C. J., Dunbar, and Crow, JJ., concur.