[No. 10289.   Department Two.   June 7, 1912.]

K. E. KALINOWSKI, *Appellant*, v. JULIA A. McNENY, *as Executrix, et al., Respondents.*[1]

WITNESSES—CONVERSATIONS WITH PARTY SINCE DECEASED. Where the adverse party defends as legal representative of a deceased person, evidence of conversations with the deceased is inadmissible, under Rem. & Bal. Code, § 1211.

FRAUDULENT CONVEYANCES—TRANSACTIONS BETWEEN HUSBAND AND WIFE—EVIDENCE—SUFFICIENCY—BURDEN OF PROOF.   Under Rem. & Bal. Code, § 5292, providing that upon questions of good faith in transactions between husband and wife the burden of proof shall be upon the party asserting the good faith, an execution sale will not be enjoined at the suit of a wife, where it appears that she transferred the property to her husband in fraud of her creditors, by a deed reciting a valuable consideration, and that thereafter the execution debt was contracted by the husband upon the faith of his apparent title, whereupon he reconveyed the property to the wife in fraud of his execution creditor, before such creditor acquired a lien on the land.

TRUST—EXPRESS TRUST—EVIDENCE—ADMISSIBILITY.   A conveyance to the grantor's husband to retain title for a limited time, to be reconveyed on request, creates an express trust which cannot be established by parol.

Appeal from a judgment of the superior court for King county, Ivan L. Hyland, Esq., judge *pro tempore*, entered December 13, 1911, upon findings in favor of the defendants, in an action by a fraudulent grantee to enjoin an execution sale, after a trial to the court.   Affirmed.

*John E. Humphries* and *George B. Cole*, for appellant.

*S. H. Steele* and *E. S. Lovett*, for respondents.

MORRIS, J.—This action involves the rights of creditors of the vendee in an admitted fraudulent conveyance.   The facts are these:   Appellant was formerly the wife of one Gladding, from whom she had obtained a divorce.   Subsequent to the divorce, the parties thereto again lived together

[1]Reported in 123 Pac. 1074.

for a number of years, when appellant contracted a second marriage with C. V. Kalinowski, her present husband. Gladding, upon learning of this second marriage, made claim to part of the property in question, and threatened to bring, and did bring, an action to establish what he claimed to be his rights therein. Appellant, seeking to defeat any enforcement of Gladding's claim against this property, conveyed it to her present husband, on February 24, 1908, the deed reciting both good and valuable considerations. Subsequently, and while he held the title to the property, C. V. Kalinowski became indebted to James McNeny, the testator of respondent, upon the faith and credit of his ownership of the property. This indebtedness was, on October 5, 1909, merged into a promissory note for $1,000, due in one year. James McNeny died on March 1, 1910; and on June 11, 1910, appellant, having amicably adjusted her differences with her former husband, and feeling secure from any attack upon her title, received from her present husband a reconveyance of the land. This deed recites both good and valuable considerations; but the court below has found, being sustained by the record, that it was made without consideration, and for the purpose of hindering and delaying the collection of the McNeny debt. The McNeny note ripened into judgment, execution was issued, and levy made upon this land, when appellant brought this action to enjoin the selling of the land. Relief was denied her below, and she appeals.

Some question is raised as to the court's ruling on the admission of testimony as to conversations with James McNeny at the time of the making of the first deed. Our statute, Rem. & Bal. Code, § 1211, is so plain upon excluding testimony of this character, in actions where the adverse party defends as legal representative of a deceased person, that no discussion of the point is necessary to show the rulings complained of were correct.

The main contention of error, however, is based upon ap-

pellant's contention that the McNeny judgment cannot in any event be enforced against this property, even though it be admitted that the deed to C. V. Kalinowski was made for the purpose of hindering and defrauding the creditor of the appellant; and conceding the property in his hands would be subject to the claims of his creditors, his right of alienation is perfect until his creditors have obtained an enforceable lien upon the property. Undoubtedly many cases can be cited where, under the peculiar facts there involved, such a rule might be adduced. But we cannot apply such a rule to the facts in this case without making a court of equity a factor in an attempted and successful juggling of title by husband and wife in order to defeat creditors, and saying it is permissible for the wife, when threatened by her creditors, to pass the title to the husband and permit him to retain it until the peril is over, and then, when an indebtedness created by him upon the faith and credit of the title is about to become due, to permit him to again place the title in the wife's name in order to escape the payment of his just debt. Such a scheme hardly appeals to the conscience of the court. In most of the cases relied upon by appellant, we do not find parallel facts. Either the indebtedness of the vendee was not created upon the faith and credit of his title, or the reconveyance by the first vendee was not made with intent to defraud his creditors, both of which facts are properly found in this case.

We have a statute, Rem. & Bal. Code, § 5292, particularly applicable to the facts in this case:

"In every case where any question arises as to the good faith of any transaction between husband and wife, whether a transaction between them directly or by intervention of a third person or persons, the burden of proof shall be upon the party asserting the good faith."

Appellant hardly satisfies the rule of this statute in saying the deed to her husband was without consideration and only made to put the property beyond the reach of her first hus-

band upon the assertion of his claim against it, and then, when no longer threatened with this danger, but at a time when her husband is seeking to escape payment of a debt contracted by him upon the faith and credit of his title, have the property reconveyed to her without consideration. In other words, when the wife's creditors are pressing, the husband owns the land; when the husband's creditors are pressing, the wife owns the land.

"If a wife permits her husband to take title to her lands, and to hold himself out to the world as the owner of them, and to contract debts upon the credit of such ownership, she cannot afterwards, by taking title to herself, withdraw them from the reach of his creditors, and thus defeat their claims." *City Nat. Bank v. Hamilton*, 34 N. J. Eq. 158.

See, also, *Liebenthal v. Price*, 8 Wash. 206, 35 Pac. 1078; *Kemp v. Folsom*, 14 Wash. 16, 43 Pac. 1100; *Bates v. Drake*, 28 Wash. 447, 68 Pac. 961.

Upon the trial, appellant's counsel contended that the deed from appellant to her husband created a trust, in that he was to only retain the title a limited time, and then, at her request, reinvest the title in her. If so, it was an express trust, and under our decisions it cannot be established by parol.

Sufficient has been said to sustain the judgment of the lower court, and the same is affirmed.

DUNBAR, C. J., ELLIS, MOUNT, and FULLERTON, JJ., concur.