[No. 12022.   Department One.   December 1, 1914.]

W. L. BENHAM, *Respondent*, v. EMMA A. HAWKINS, *Individually and as Executrix etc., Appellant.*[1]

FRAUDULENT CONVEYANCES—BETWEEN HUSBAND AND WIFE—GOOD FAITH—BURDEN OF PROOF—EVIDENCE—SUFFICIENCY.   Upon an issue as to the good faith of a husband in making a gift to his wife of real estate worth $25,000, incumbered by a $15,000 mortgage, while he was indebted, and as to the solvency of the community at that time irrespective of the gift, the burden of proof of establishing the good faith of transactions between husband and wife, cast upon the parties asserting it by Rem. & Bal. Code, § 5292, is not sustained, where the evidence of the value of their other property was very unsatisfactory, and there was little pointing to his ability to pay creditors, except that he drew a large salary; and the husband's estate, on his death, was insufficient to pay debts.

Appeal from a judgment of the superior court for King county, Ronald, J., entered February 27, 1914, in favor of the plaintiff, upon allowing claims against an estate, after a trial to the court.   Affirmed.

*Tucker & Hyland,* for appellant.

*Henry E. Collier* and *Peters & Powell,* for respondent.

PARKER, J.—The plaintiff seeks to have a balance due upon a promissory note given to him by E. C. Hawkins, deceased, adjudged to be a valid claim against the community estate of E. C. Hawkins and Emma A. Hawkins, his wife; and, also, to have certain real property claimed by Emma A. Hawkins as her separate property decreed to be the property of the community estate, and subjected to the payment of creditors thereof, including the claim of the plaintiff, in due course of the administration of the estate.   Trial before the court without a jury resulted in judgment and decree in behalf of plaintiff as prayed for, from which Emma A. Hawkins, both individually and as executrix of the community estate, has appealed.

[1]Reported in 144 Pac. 532.

In March, 1907, E. C. Hawkins executed and delivered to respondent, for value, a promissory note payable upon demand for the principle sum of $2,500. This note evidenced a community debt owing by E. C. Hawkins and appellant to respondent. During the year 1908, payments were made thereon aggregating $750. In February, 1908, E. C. Hawkins conveyed to his wife, this appellant, certain real property in the city of Seattle, then belonging to himself and wife, as community property, of the approximate value of $25,000, which was then subject to a mortgage of $15,000. The consideration as recited in this conveyance was, "Love and Affection, and as a Gift." It is plain that there was no other consideration supporting this conveyance. Thereafter, E. C. Hawkins died, leaving a will by which appellant became executrix of his estate. The estate evidently consisted of community property only. Appellant filed an inventory accordingly, but omitted therefrom the Seattle property above mentioned, conveyed to her by E. C. Hawkins, in February, 1908, claiming the same to be her separate property by virtue of that conveyance. The debts of the estate exceed in amount the value thereof, as inventoried by appellant. Respondent filed his claim for the balance due upon the note here involved with appellant as executrix, and upon her disallowance of his claim, this action followed.

It is contended by counsel for appellant that the note here involved was paid in full prior to the death of her husband, E. C. Hawkins. This contention presents a question of fact only, as to which the evidence, we think, clearly preponderates in favor of respondent's claim of nonpayment, and as found by the trial court.

The principal contentions here have to do with the question arising as to the good faith of E. C. Hawkins and appellant attending the conveyance of the Seattle property in 1907 to appellant, in so far as that conveyance affects the rights of creditors of the community; and this, in turn, is dependent upon whether E. C. Hawkins, at that time, retained

sufficient property of himself or the community to satisfy all creditors. The evidence bearing upon this question is not at all satisfactory; indeed there is little pointing to the view that Hawkins or the community was then, or at any time thereafter, able to pay all of his and the community's creditors with this real property taken from the community estate, other than the fact that he received a large salary. As to what he or the community possessed in the way of property, aside from this property, the evidence furnishes but little information. We are constrained to hold, in the light of the evidence, and the law as to burden of proof in cases of this nature, that the conveyance was not made in good faith from Hawkins to appellant and constituted a legal fraud as against the rights of creditors, including respondent. Rem. & Bal. Code, § 5292 (P. C. 95 § 3), provides:

"In every case where any question arises as to the good faith of any transaction between husband and wife, whether a transaction between them directly or by intervention of third person or persons, the burden of proof shall be upon the party asserting the good faith."

This rule as to burden of proof in such cases has been given full force and effect in numerous decisions of this court. *Bates v. Drake*, 28 Wash. 447, 68 Pac. 961; *Canedy v. Skinner*, 50 Wash. 501, 97 Pac. 497; *Adams v. Wingard*, 53 Wash. 560, 102 Pac. 426; *Kalinowski v. McNeny*, 68 Wash. 681, 123 Pac. 1074; *Dill v. Carver*, 70 Wash. 103, 126 Pac. 86; *Ruuth v. Morse Hardware Co.*, 74 Wash. 361, 133 Pac. 587; *Patterson v. Bowes*, 78 Wash. 476, 139 Pac. 225.

The judgment is affirmed.

CROW, C. J., GOSE, MORRIS, and CHADWICK, JJ., concur.