[ No. 1581.  Decided February 8, 1895.]

JOHN KLOSTERMAN, *Respondent*, v. T. S. HARRINGTON *et al.*, *Appellants*.

FRAUDULENT CONVEYANCES — TRANSFER OF COMMUNITY PROPERTY TO ONE SPOUSE — ACTION TO SET ASIDE — EVIDENCE.

Where, at the time of the conveyance of certain community lands by a husband to his wife, without the passing of any consideration between them, the community is indebted to creditors, and sufficient property is not retained by the community to satisfy such claims, the conveyance is a voluntary one, although the community may in fact be indebted to the wife, and is therefore fraudulent as to existing creditors.

From the fact that an execution has been issued and returned unsatisfied for want of community property upon which to levy, it must be presumed, in the absence of express proof to the contrary, that the community had no property with which to satisfy the judgment.

Since the conveyance of land by the husband to the wife has the effect of changing its community character to that of the separate property of the wife, when such conveyance is in fraud of creditors of the community, the deed should be set aside in order that purchasers at a sale under an execution which binds only community property, should be informed as to the state of the title.

*Appeal from Superior Court, Lewis County.*

*Herren & Hubbell,* for appellants.

*Reynolds & Stewart,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to set aside a deed made by the defendant T. S. Harrington to his wife, Martha E. Harrington, the other defendant. This deed was made on the ·16th day of October, 1891. It appears from the findings of fact that prior to said 16th day of October, 1891, the defendant T. S. Harrington was indebted to the plaintiff in the sum of

$210; that an action was brought thereon against the said T. S. Harrington in 1892, and in 1893 judgment for such indebtedness and interest thereon was duly rendered; that thereafter execution was issued to the sheriff to collect the same, and was returned unsatisfied for want of property out of which to make the money. It further appeared that such indebtedness was for goods used in the hotel business conducted by said T. S. Harrington and his wife, Martha E. Harrington.

The superior court found that the conveyance was in fraud of the rights of the plaintiff, as a creditor of the community, and made an order that the execution issued upon such judgment should be satisfied out of the property conveyed by such deed.  From this decree defendants have appealed, and urge here as reasons for its reversal the alleged facts that it was not made to appear that the indebtedness was incurred prior to the date of the execution of the deed and that it was made to appear that the deed was not a voluntary one, but was made in payment of certain indebtedness of the community to the wife.  It is also urged that it was shown that the defendant T. S. Harrington had other property out of which the execution could have been satisfied.

If we could consider the testimony which is set out in the statement of facts as the defendants do, some important questions of law would be presented for our consideration.  But, whatever might have been shown by the statement of facts, if settled in accordance with the contention of the defendants, the facts shown by the statement actually settled, which are all that we can consider, fail entirely to establish the defendants' contention.  As we have before stated, it was found by the court that the indebtedness was incurred before the date of the deed, and such finding was supported

by the direct testimony of the plaintiff, and in no manner contradicted by anything which appears in the statement of facts. It did appear by such statement that the defendant T. S. Harrington testified that his wife had received certain moneys from a relative in Utah; that the same had been used by the community, and that the community had never repaid the amount. But it was not made to appear that at the time the deed was executed it was understood by both, or even one of the parties thereto, that it was to be in satisfaction of the indebtedness of the community to the wife. On the contrary, it appeared that it was made for an entirely different reason. It further appeared that no consideration passed at the time of its execution. We must, therefore, agree with the conclusion of the lower court, that it was a voluntary conveyance, and could have no effect as against creditors who at the time of its execution had claims against the community, unless there was sufficient property retained by the community to satisfy such claims. As to the amount of property retained by the community, the proofs fail to show that there was anything which could be reached to satisfy the judgment, and in view of the fact that an execution had been issued and returned unsatisfied for want of property upon which to levy, it must be presumed, in the absence of express proof to the contrary, that the community had no property with which to satisfy the judgment.

Under our statute the conveyance by the husband to the wife had the effect of changing its community character to that of separate property of the wife. Hence, it was necessary that the deed should be set aside in order that purchasers at a sale under an execution which only bound community property should be informed as to the state of the title.

The decree entered is somewhat unusual, but no objection on that account was raised in the court below, nor has it been suggested here; and as we find nothing therein, nor in the proceedings upon which it is founded, which could affect adversely the rights of the appellants, such decree will be in all things affirmed.

SCOTT, DUNBAR, ANDERS and GORDON, JJ., concur.