[No. 11058.    Department Two.    July 8, 1913.]

CHARLES R. POWERS et al., *Respondents*, v. MARY A. MUNSON, *Appellant*.[1]

DEEDS—CONSIDERATION. A deed otherwise regular is valid whether founded on a valuable or a good consideration.

HUSBAND AND WIFE—CONVEYANCES BETWEEN—SEPARATE PROPERTY. Where a wife conveyed to her husband a half interest in certain lots, theretofore her separate property, either as a gift or upon consideration of certain payments to be made from the husband's separate estate, the interest conveyed becomes the separate property of the husband, regardless of the form of the deed, and they thereafter hold the property as tenants in common and not as community property.

SAME—CONVEYANCES BETWEEN—FORM OF DEED—COMMUNITY PROPERTY. Rem. & Bal. Code, § 8766 with reference to the form of a conveyance between husband and wife of community property has no application to conveyances of an interest in separate property.

[1] Reported in 133 Pac. 453.

SAME—HUSBAND'S SEPARATE PROPERTY—CONVEYANCE. Under Rem. & Bal. Code, § 5915, the husband may convey his separate property without his wife's joining in the deed.

APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW. The supreme court will not discuss a question not submitted to the trial court and as to which there was no suggestion either in the pleadings or the evidence.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered October 7, 1912, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*C. B. Reynolds* and *B. H. Rhodes*, for appellant.

*Dysart & Ellsbury* and *C. D. Cunningham*, for respondents.

FULLERTON, J.—The respondents brought this action against the appellant to quiet their title to an undivided one-half interest in certain real property. They had judgment in the court below, and this appeal was taken therefrom.

The property in question consisted of two lots, situated in the city of Centralia, on which there was a building used as a rooming and boarding house. The property was acquired by the appellant while she was a single woman. Subsequent to its acquisition, she intermarried with one George N. Munson, and after the marriage, deeded to Munson, by a quitclaim deed, an undivided one-half interest in the property subject to two certain mortgages, the one for $400, and the other for $100. The deed was executed on October 23, 1909, and recited that it was made for a "valuable consideration and one dollar." Subsequent to the execution of the deed, Munson resided on the premises with the appellant for some one and one-half years. The court found that the deed was a gift from the appellant to her husband. The evidence, however, we think would have justified a different finding. The appellant testified that Munson agreed to pay, as a consideration for the deed, the mortgages on the premises and certain

other obligations then due the nature of which was not made clear, possibly certain back taxes, and overdue insurance premiums. A portion of these obligations he did pay, but whether all that was due or not, the evidence does not show. But whether the deed is founded on a good or a valuable consideration is not very material. A good consideration is sufficient to its validity, it being otherwise regular.

On July 8, 1911, George N. Munson, for a consideration of $800, conveyed by warranty deed, to the respondent Charles R. Powers, his undivided one-half interest in the property. In this deed the appellant did not join, and when the respondent sought to exercise ownership in the property, she forbade him access thereto, and refused to account to him for the rents, issues, and profits thereof.

The appellant defended the action on the ground that the deed of conveyance from her husband to the respondent passed no interest in the property sought to be conveyed. She contends that the property, on the execution of the deed from herself to her husband, became the community property of herself and her husband, and she invokes the rule, heretofore announced by this court, to the effect that a deed of conveyance of community real property executed by only one of the spouses passes no interest in the property to the grantee named in the deed. But we think the appellant mistakes the effect of the deed from herself to her husband. The title to property acquired by deed, whether separate or community, is determined, not from the form of the deed by which it is conveyed, but from the manner of its acquisition. Property acquired by gift, or purchased with the separate funds of the spouse to whom it is conveyed, is the separate property of that spouse. So this property, whether it was a gift from the wife to the husband as the court found, or whether it was purchased by the husband's individual funds as the court might have found, became the separate property of the husband, and the husband and wife held it thereafter, not as property belonging to them as a community, but as tenants

in common; that is to say, each of them held a separate estate in an undivided half thereof.

There is no objection under the statutes, as the appellant seems to contend, to the form of the conveyance. The statute relating to conveyances between husband and wife of community real property, Rem. & Bal. Code, § 8766 (P. C. 95 § 47), has no application to conveyances of this character. The wife may convey to her husband the whole or any part of her separate property, by any of the recognized forms of conveyances, as fully and freely as she may convey the same to any other person. Id., §§ 5916, 5925, 5926, 5927 (P. C. 95 §§ 9, 1, 5, 21). Since, therefore, the deed from the appellant to her husband vested in him as his separate property an undivided half interest in the land conveyed, it follows that the husband could, without his wife joining him, make a valid conveyance of the same to the respondent. Id., § 5915 (P. C. 95 § 25).

It is contended in the brief of counsel that the property was the homestead of the appellant and her husband, and hence no part of it could be conveyed without both of them joining in the conveyance. But there is no suggestion, either in the pleadings or the evidence, of this nature, and were it possible that a homestead could be claimed in property situated as this property is situated, we must decline to enter upon a discussion of the question, since it was not among the issues submitted to the trial court.

The judgment will stand affirmed.

Main, Morris, and Ellis, JJ., concur.