[No. 12457.   Department One.   June 23, 1915.]

CHARLES PETROVITSKY, *Appellant*, v. W. E. SMITH *et al.*, *Respondents.*[1]

FRAUDULENT CONVEYANCES—HUSBAND AND WIFE—CREDITORS. Upon an issue as to whether a deed from husband to wife, presumptively fraudulent as to creditors, under Rem. & Bal. Code, § 5229, was made in good faith, unliquidated claims for damages or an existing right of action upon a contingent claim do not stand upon the same footing as would be given to existing acknowledged or contract debts.

SAME—HUSBAND AND WIFE—EVIDENCE—SUFFICIENCY. Where a husband had no debts except an unliquidated demand, his deeds to his wife and children of certain property, for the expressed consideration of one dollar, are sufficiently shown to have been made in good faith, where it appears that, at the time the houses were built on the lots, it was agreed that one should be given to the children and one to the wife, that the wife had reared and educated the children largely through her own efforts, and with the children had paid back taxes and street assessments, and renewed a mortgage, and she had put in $500 received as a legacy from a friend, and the husband, living separate and apart, had contributed but little to the family support; the only suspicious circumstance being that the deeds were not promptly recorded.

Appeal from a judgment of the superior court for King county, Albertson, J., entered January 8, 1914, dismissing an action to cancel deeds, tried to the court. Affirmed.

*R. B. Brown*, for appellant.

*Ryan & Desmond*, for respondents.

[1]Reported in 149 Pac. 641.

CHADWICK, J.—Appellant is a judgment creditor of the respondent W. E. Smith, and brings this action to set aside two deeds to property conveyed by Smith, the one to his wife, and the other by Smith and wife to Smith's son and daughter by a former marriage.

In March, 1906, in consequence of certain antecedent transactions between appellant and respondent W. E. Smith, an assignment of a real estate contract was made by Smith to appellant. The title failing after a suit to enforce specific performance, appellant began an action against Smith in July, 1909, and took judgment by default August 13, 1909. On March 18, 1909, Eugenia E. Smith, wife of W. E. Smith, filed for record a deed signed by W. E. Smith of date January 14, 1907, acknowledged August 15, 1908, purporting to convey, in consideration of one dollar, the east half of lots 11 and 12, in block 10, Law's Second addition to Seattle. On August 3, 1909, William E. Smith, Jr., and Florence E. Smith, son and daughter of W. E. Smith, filed for record a deed executed by W. E. Smith dated March 17, 1909, acknowledged on the same day, purporting to convey, in consideration of one dollar, the west half of the same property. A house had been built on each tract. On the 8th day of August, 1913, appellant commenced this action to set aside the conveyances as fraudulent and to subject the property to the lien of his judgment. After a hearing on the merits, a decree denying the prayer of plaintiff's complaint was entered by the court.

It is earnestly contended that the deed to the wife is presumptively fraudulent under Rem. & Bal. Code, § 5229 (P. C. 135 § 1459), which provides, when such deeds are called in question, that "the burden of proof shall be upon the party asserting the good faith." The only question is one of good faith and burden of proof. We have carefully read the record and have endeavored to measure the circumstances relied on by both sides. At the time when the deeds were executed, it seems to be established that Mr. Smith had no

debts except the unliquidated demand of the appellant. Whether he had notice of this is a disputed fact, but upon all the evidence we are disposed to hold, as the trial court must have held, that respondents sustained the burden of proof.

Admitting that a conveyance might be fraudulent as against an unliquidated claim for damages, or an existing right of action upon a contingent claim, we think it would be going too far to give such claims the same standing, when considering inferences only, as would be given to existing acknowledged or contract debts. Good faith is a question of intent, and such conveyances must be considered in the light of § 8766 (P. C. 95 § 47) as well as § 5229 (P. C. 135 § 1459).

It is established by a preponderance of the evidence that it had been understood from the time the two houses were built on the property that one of them should be given to Mrs. Smith and one to the children. Mrs. Smith was a second wife who had reared the two children and, largely by her own efforts, had put them through the schools and had kept them for some time at the university. The record is not entirely clear, but in the absence of a positive showing to the contrary, the inference is impelled that Mr. Smith, whose deposition was taken in Chicago, is some years older than his wife and is not now living with or helping the family to any great extent; that the burdens of the family have fallen upon Mrs. Smith; that Mr. Smith has not contributed much to their support since the summer of 1909; that both children quit school and went to work; that Mrs. Smith has cooked, sewed and, at the time of the trial, was working in a department store; that the three of them had paid back taxes and street assessments, had renewed a mortgage of $2,000 upon the property at some expense, and that Mrs. Smith had put $500, which she had received as a legatee under the will of a friend, into the property. As against these cir-

cumstances, about the only circumstance from which a fraudulent intent might be inferred is the fact that the deed to the wife was not promptly delivered and filed for record. A similar circumstance was rejected as insufficient when standing alone, in the case of *Smith v. Weed*, 75 Wash. 452, 134 Pac. 1070, where we said:

"The things urged as casting suspicion on this deed are the fact . . . that the deed was not recorded until September 24, 1910, some ten days after the fire . . . But both of the appellants testified positively that the deed was executed and delivered on February 7, 1907, and the notary testified that he thought so. We think the evidence wholly insufficient to warrant a finding that these thirteen lots were community property."

Upon the whole case, we are not prepared to say that the respondents have failed to meet the burden put upon them by the statute by clear and convincing testimony.

Wherefore, the judgment is affirmed.

MORRIS, C. J., PARKER, and MOUNT, JJ., concur.