[No. 12312.   Department Two.   November 12, 1915.]

JAMES HENRY, *Appellant*, v. ALBERT H. YOST *et al.,*
*Respondents.*[1]

FRAUDULENT CONVEYANCES — WANT OF CONSIDERATION — PRESUMPTIONS. A conveyance made without consideration is presumptively fraudulent only as to existing creditors; and a claimant *ex delicto* is such a creditor.

JUDGMENT—CONCLUSIVENESS—PERSONS BOUND. The record in a case showing judgment for wrongful conversion of sheep by Y. and another, is not *prima facie* evidence, as against the wife of Y. and their grantees, that the plaintiff was the creditor of Y. at the time the conveyance was made six months prior to judgment; as it was not sufficient to prove the existence of the facts on which the judgment was based.

FRAUDULENT CONVEYANCES—BURDEN OF PROOF. In an action to set aside a conveyance as a fraud upon creditors, the burden of proving that the plaintiff was a creditor of the grantors at the time the conveyance was made, or that the conveyance was made in anticipation of the judgment, is not met, as against the grantees or a wife not parties to the suit, by proof of entry of the judgment six months after making the conveyance.

NEW TRIAL—GROUNDS—SURPRISE—INSUFFICIENT EVIDENCE. In an action to set aside a conveyance as a fraud upon a judgment creditor of one of the grantors, it is not a sufficient ground for a new trial that the plaintiff tried the case under the belief that the judgment would be sufficient *prima facie* proof that plaintiff was an "existing creditor" of the grantors at the time the conveyance was made, six months prior to entry of the judgment, and was surprised by the ruling of the court that the same was insufficient, as against the wife and grantees who were not parties to the action; there having been no denial of the right to introduce other proof.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered May 12, 1914, dismissing an action to subject property to a judgment, after a trial on the merits to the court.   Affirmed.

*Englehart & Rigg* and *John E. Ryan,* for appellant.
*H. J. Snively,* for respondents.

[1]Reported in 152 Pac. 714.

ELLIS, J.—In February, 1911, A. H. Yost and J. W. Day, sheriff of Yakima county, wrongfully seized and converted a band of sheep belonging to James Henry. On August 30, 1912, Yost and wife were indebted to the Outlook State Bank in the amount of $3,300. On that day, they executed to H. E. Schroeder, cashier of the bank, and wife, a chattel mortgage covering their personal property, and a quitclaim to their farm near Outlook, and received from him a trust agreement, which declared that the property was deeded to Schroeder to be held by him in trust for Mrs. Yost, and covenanted that, upon demand, the property would be reconveyed to her, or to whomsoever she should direct, for her separate estate. Subsequently, Henry sued Day and Yost for the conversion of the sheep seized by them, and on February 25, 1913, the jury in that action returned a verdict in favor of Henry for the value of the sheep. Judgment upon this verdict was entered by the clerk, but no formal judgment was ever signed and entered. An execution was issued upon this judgment directed against the property of Yost, and returned by the sheriff *nulla bona*.

On July 10, 1913, Henry commenced this action against Yost and wife and Schroeder and wife. The complaint alleged the institution of the action by Henry against Yost and Day, service on and appearance of Yost, the trial of the cause resulting in the verdict against Yost, the entry of a judgment thereon, and the absence of an appeal therefrom or modification thereof; alleged that the judgment was on account of a community obligation; alleged that the conveyance by Yost and wife to Schroeder was made with intent to defraud plaintiff in the collection of any judgment he might obtain; that the conveyance to Schroeder was made without consideration, and that Schroeder had no claim to the property, and further, that Yost and wife had no other property out of which the judgment might be satisfied. Plaintiff prayed that the conveyance be declared void and the property subjected to the lien of his judgment.

Upon the trial of the cause, counsel for Henry introduced, over objection, the summons, complaint, and proof of service, the verdict, the clerk's minute entry of the judgment, and the execution in the case of Henry v. Yost. Schroeder testified that the quitclaim deed was given to secure the indebtedness to the bank, since reduced to $2,835 by various payments, and that, when this was paid in full, the understanding was that Schroeder should reconvey the property to Yost. Having proved the entry of the judgment in the Henry v. Yost action, the conveyance to Schroeder, and that the claim of Henry had not been paid, the plaintiff rested. The defendant thereupon moved for dismissal, on the ground that the plaintiff had not proved a lien against the defendants, and that he had proved no fraud. The case was reopened to permit evidence of the value of the property and, at the close of this testimony, defendant renewed his motion for dismissal, which was refused.

The trial judge gave a written opinion, in which he concluded that Henry had failed to prove that he was a creditor of Yost when the quitclaim deed and trust agreement were executed and delivered to Schroeder; therefore the burden was on him to prove that Yost executed the deed to defraud subsequent creditors, and that, as he had failed to do so, the action should be dismissed, and a judgment of dismissal with prejudice was accordingly entered. A timely motion for new trial was made by the plaintiff and denied by the court. A motion to modify the judgment to make the dismissal without prejudice was likewise denied. This appeal is from the order denying the motion for a new trial or, in the alternative, for a modification of the judgment, and from the judgment as entered.

The right to have conveyances made with intent to hinder, delay and defraud creditors set aside has long been recognized as a part of the common law of this state. *Wagner v. Law*, 3 Wash. 500, 28 Pac. 1109, 29 Pac. 927, 28 Am. St. 56, 15 L. R. A. 784. To attack the validity of a convey-

ance, the person asserting the fraud must be one who has been injured by the fraud; and, accordingly, a creditor of the debtor may so attack the conveyance. A conveyance made without consideration is presumptively fraudulent as to existing creditors of the grantor. However, there is no presumption that such a transfer was made with a view to defraud subsequent creditors. It becomes material, then, to determine whether Henry was a creditor of Yost and wife when the deed to Schroeder was executed.

It has been our uniform holding that a claimant *ex delicto* is a creditor within the meaning of the rule that conveyances may be set aside when made to defraud creditors of the grantor. *Bates v. Drake,* 28 Wash. 447, 68 Pac. 961; *Sallaske v. Fletcher,* 73 Wash. 593, 132 Pac. 648, Ann. Cas. 1914 D. 760, 47 L. R. A. (N. S.) 320; *Allen v. Kane,* 79 Wash. 248, 140 Pac. 534. Had Henry proved that his cause of action existed when the deed was given to Schroeder, he would have established a *prima facie* case of fraud, and the burden then would have been on the grantor and grantee to prove the validity of the conveyance. The only proof offered of this claim, however, was the record in the case of Henry v. Yost and Day. The judgment in that case is not even *prima facie* evidence, as against Mrs. Yost and Schroeder and wife, who were strangers to that judgment, of any indebtedness or liability of Yost to Henry prior to the time it was rendered. *Eggleston v. Sheldon,* 85 Wash. 422, 148 Pac. 575. To hold that, as against Mrs. Yost and Schroeder, it proves the previous existence of the alleged facts on which it was based and the time when those alleged facts occurred, would be to bind Mrs. Yost and Schroeder by the results of a litigation in which they did not appear, of which they had no notice or knowledge, and in which they had no opportunity to participate. The judgment established the indebtedness of Yost to Henry, but did not of itself prove the previous existence of the facts on

which it was based.   No other evidence of the indebtedness
was introduced; consequently Henry did not establish that
he was a creditor of Yost when the conveyance was made,
and did not show a *prima facie* case of fraud.   The judg-
ment did prove him to be a creditor as of the date it was
rendered, which was six months after the execution of the
deed.   Henry, having proved himself to be a subsequent
creditor, could, by showing that the conveyance was made
with intent to defraud him, have had it set aside and the
property subjected to the lien of his judgment.   The burden
of such a showing was on him, and he failed to meet it.   No
evidence was introduced, except the judgment in the tort ac-
tion, to show that the deed was given in anticipation of the ·
judgment, and we have found that the judgment alone was
ineffectual to prove the cause of action then existing against
Yost.   The appellant, then, has failed to prove either that
he was a creditor when the deed was executed, which would
have put upon Mrs. Yost or Schroeder the burden of vindi-
cating the deed, or that the conveyance was made to defraud
him as a subsequent creditor.   Failing in both, he has not
established his right to have the deed set aside and the prop-
erty subjected to the lien of his judgment.   The trial court
properly dismissed the action.

Nor did the trial court err in denying a new trial or a
modification of the judgment.   The modification was asked
in the event that the new trial was denied, and we infer was
urged on the same grounds.   The motion was based on the
grounds of surprise, newly discovered evidence, and that the
judgment was against the law.   In support of the motion
for new trial, the appellant filed an affidavit in which he set
out the grounds of surprise.   The substance of this affidavit
was that, as the respondent had withdrawn his demurrer at-
tacking the sufficiency of the complaint and had answered,
the appellant was led to believe that the sufficiency of the
complaint was admitted, and that the judgment as pleaded

would be accepted as proof of the existence of the debt prior to the conveyance. The affidavit stated that no objection had been taken at the trial to the sufficiency of the judgment as proof of the existence of Henry's claim prior to the conveyance, but that the judgment was attacked only on the ground that it was not a sufficient judgment to constitute a lien on the property of Yost, and that the sufficiency of the judgment to establish the prior claim was first raised by the court in his opinion.

This unexpected turn of the case, it was stated, was a surprise to the appellant and prevented him from introducing proof that Henry was a prior creditor of Yost. This may be stated more concisely by saying that appellant had anticipated the defense would be the invalidity of the judgment, and not its insufficiency to prove the facts for which it was introduced, and that the decision of the court, based on the second ground, which was not raised at the trial, was a surprise which due prudence could not have guarded against. At the outset of the argument, however, we are confronted by the fact that the judgment *was not* sufficient to prove the prior existence of the claim. The fact that the appellant tried the case under the belief that its sufficiency for that purpose would not be questioned, and the further fact that the respondent did not question its sufficiency but relied upon its invalidity, will not give the appellant the right to a new trial because the case was decided on the first ground. The appellant has had his day in court. The judgment was not sufficient to establish the prior indebtedness, and other proof of the claim should have been introduced. The right to introduce this proof was not denied to the appellant. To grant a new trial for this purpose would be to compel the defendant to re-try this case, through no fault of his own or of the court. We have assumed throughout that the conveyance sought to be set aside was a voluntary conveyance. This view is the most favorable to the appellant, but we have not so decided. We have also assumed, without so deciding,

that the judgment entered by the clerk was sufficient in law. In view of our decision on the other questions involved, these questions need not be considered.

Judgment affirmed.

MORRIS, C. J., MAIN, and FULLERTON, JJ., concur.