[No. 12877.  Department One.  January 7, 1916.] ·

# W. F. CRANDALL et al., Appellants, v. ELIZABETH M. LEE, Respondent.[1]

. FRAUDULENT CONVEYANCES—REMEDIES OF CREDITOR—LEVY AND SALE —TITLE ACQUIRED—CLOUD OF OUTSTANDING DEED—REMOVAL. A creditor may levy execution upon real property theretofore conveyed in fraud of his rights, without having an execution returned *nulla bona*, but sale thereunder does not remove the cloud of the outstanding deed, which must be done by a direct attack on the deed, alleging its fraudulent character and by pleading and proving that the debtor has no other property out of which he can satisfy the debt.

SAME — CONVEYANCE FROM HUSBAND TO WIFE — PRESUMPTIONS — QUIETING TITLE—COMPLAINT—REQUISITES.  In an action by a judgment creditor to quiet title to property purchased at execution sale, as against the wife of the judgment debtor claiming under a deed in fraud of creditors, which was a matter of record, it is not sufficient to allege that the defendants claim some interest in the property unknown to the plaintiff, on the theory that the deed from husband to wife was presumptively fraudulent; but the complaint must allege the facts as to the deed and relationship and show that plaintiff had an existing equity at the time of the transfer and that the debtor had no other property to satisfy the debt.

SAME — CONVEYANCE FROM HUSBAND TO WIFE — PRESUMPTIONS— BURDEN OF PROOF—ATTACK—PLEADING.  A deed from a husband to a wife carries no presumption of fraud, either as a matter of substantive law or pleading, in view of Rem. & Bal. Code, §8766, authorizing it; and to gain the advantage of Id., § 5292, placing the burden of proving the good faith of a transaction between husband and wife upon the party asserting it, one questioning a deed from husband to wife must plead facts showing that it was actually or constructively fraudulent as to creditors having an existing equity at the time of the transfer.

APPEAL—REVIEW—PLEADINGS—AMENDMENTS TO CONFORM TO PROOF. In a judgment creditor's suit to quiet title to property fraudulently conveyed by the debtor to his wife, a complaint merely alleging adverse claims and stating none of the essential facts will not be deemed amended on appeal and held sufficient, under Rem. & Bal. Code, §§ 307, 1752, authorizing amendments to conform to the proof, where the essential facts were not established and did not appear from the findings, which were mere conclusions, it not appearing

[1]Reported in 154 Pac. 190.

from the findings or judgment that the plaintiff had an existing equity at the time of the transfer; as in such case there are no facts, and there is no room for the application of the statute relating to amendments.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered November 2, 1914, in favor of the defendant, in an action to quiet title, tried to the court. Affirmed.

*Shorett, McLaren & Shorett,* for appellants.

*Thomas Stevenson,* for respondent.

CHADWICK, J.—On February 6, 1911, the appellant W. F. Crandall and another brought suit against Milton S. Lee, husband of the defendant, in the district court of New Mexico. Judgment was rendered in the courts of that state on April 20, 1911.

On February 1st, Milton S. Lee conveyed the land now in controversy to respondent by deed sufficient in form. The property is situate in the county of Kitsap, in this state. At the same time, Lee conveyed to respondent 480 acres of land in the state of Arkansas. The deed to the Kitsap county land was recorded in the office of the auditor on the 7th day of February, 1911.

On June 19th, 1911, the judgment creditors began an action upon the foreign judgment, making Lee and his wife defendants. The Lees are nonresidents. Service was obtained by publication, after the lands had been subjected to an attachment. The defendant, Elizabeth M. Lee, respondent here, made answer, tendering the general issue, and that the court rendering the judgment had obtained no jurisdiction over her or the subject-matter of the action. Judgment was entered on June 29th, 1912, against Milton S. Lee and the community consisting of Milton S. Lee and Elizabeth M. Lee.

The property was thereafter sold at sheriff's sale to these appellants. The sale was confirmed and a sheriff's deed exe-

cuted. Thereupon appellants brought an ordinary suit to quiet title to the land as against the outstanding deed of the defendant.

After a trial upon the merits, the court, following the case of *Wagner v. Law,* 3 Wash. 500, 28 Pac. 1109, 29 Pac. 927, 28 Am. St. 56, 15 L. R. A. 784, as we are told, held that plaintiffs could not recover under their complaint. It is not clear from the record, but it would seem that the court treated the action as a suit by creditors to subject land alleged to have been conveyed in fraud of their rights to the payment of their claims, and, under the authority of the case mentioned, held that it was necessary for the plaintiffs to allege and prove that the debtors had no other property subject to execution at the time the conveyance was made, and rendered a judgment in favor of the defendant upon the theory that the complaint did not state a cause of action.

Appellants contend, first, that they are within the rule of *Wagner v. Law,* if it be in point; and second, that it is not in point, for the reason that in that case the conveyance was not made by a husband to a wife and therefore "presumptively fraudulent" as to creditors; and further, that the case went off on demurrer, whereas the present case was tried upon its merits, and we will, under a settled line of authority, deem the pleadings amended to conform to the proofs.

Appellants brought their action alleging no more than that they were the owners in fee of the property; that defendant claimed some right or title in it adverse to them, the exact nature of which they could not aver, and prayed that she be required to come in and set up her interest, if any, and that title be quieted in them.

The case of *Wagner v. Law* settled two legal propositions. They are: A creditor may levy an execution upon property theretofore conveyed in fraud of his right and sell it without resort to a creditor's bill and without having an execution returned *nulla bona;* and second, if he brings an action to quiet the title acquired at an execution sale, he must go further than

to assert merely that the sale was made in fraud of his rights, as was done in *Wagner v. Law*. He must allege and prove that the grantor had no other property out of which he could have satisfied the judgment. The case has been followed in: *Hamilton Brown Shoe Co. v. Adams*, 5 Wash. 333, 32 Pac. 92; *Samuel v. Kittenger*, 6 Wash. 261, 33 Pac. 509; *Sawtelle v. Weymouth*, 14 Wash. 21, 43 Pac. 1101; *Preston-Parton Mill Co. v. Dexter Horton & Co.*, 22 Wash. 236, 60 Pac. 412, 79 Am. St. 928.

In the latter case, the court said of *Wagner v. Law:*

"A careful examination of this case shows that it was an action by the judgment creditor to set aside a fraudulent conveyance which was alleged to be a cloud upon plaintiff's title. The plaintiff was a creditor and had, under execution, purchased the property. The real question in the case seemed to be that the judgment creditor had a right to maintain his action to set aside the fraudulent conveyance after he had enforced his execution under his judgment; that it was not then too late for him to maintain his action. The suit was between the judgment creditor and the fraudulent grantor and grantee. But it was also held in that case that the complaint did not state facts sufficient to constitute a cause of action, when it failed to allege that there was no other property of the judgment creditor at the time of the conveyance, out of which the creditor could satisfy his judgment."

It is clear that appellants' complaint is bad under the doctrine of these cases unless, as it is contended, the burden was upon the defendant wife to come forward and plead and prove that the deed was executed in good faith, or that appellants were not creditors having an existing equity.

After mature consideration and a rereading of the cases referred to, we are inclined to hold that one who questions a deed must plead the facts upon which he relies. This must of necessity be so, unless we admit appellants' contention that a deed from a husband to his wife is "presumptively fraudulent." If it is not to be treated as a void thing as to third parties, the complaint is clearly insufficient. Appellants

contend in their brief that it is a void deed. The complaint does not, in any way, describe the deed, although it was a matter of record and reveals the relationship of the parties. To hold the complaint good would permit a plaintiff to claim title merely and put a defendant to the burden of setting up the deed which is assumed to be fraudulent, and the facts which are relied on, to exonerate it from an imputation arising from the single fact that the grantor was a husband and the grantee a wife.

If the law is as appellants insist it is, they would be entitled to judgment on the pleadings, unless defendant had set up the good faith of the deed although it is nowhere mentioned in the pleadings. On the other hand, if respondent had set up the deed and nothing more, in answer to a complaint charging no fraud but only title and an outstanding adverse interest, defendant would be entitled to a judgment on the pleadings, for the obvious reason, as we shall show, that the deed was neither fraudulent nor "presumptively fraudulent." In other words, respondent is not to be put to her burden of proof—there is no presumption—the difference in these terms is explained in *Welch v. Creech*, 88 Wash. 429, 153 Pac. 355—until a charge of fraud, actual or constructive, is made. This is but another way of saying that appellants' complaint does not state a cause of action.

We understand the rule governing the conduct of a creditor who questions a transaction of the kind now under consideration, as it is gathered from our decisions, to be: If he levies an execution and sells property assumed to be conveyed in fraud of creditors, he may do so, but such proceeding will not remove the cloud of an outstanding deed. If he does so sell and would remove the cloud, he must make a direct attack upon the deed by alleging its fraudulent character, and by pleading and proving that his debtor has no other property out of which he can satisfy his debt.

Expressions to the effect that a deed from a husband to a wife is "presumptively fraudulent" have crept into some of

our opinions. *Dill v. Carver,* 70 Wash. 103, 126 Pac. 86; *Patterson v. Bowes,* 78 Wash. 476, 139 Pac. 225. In its proper setting of fact, this statement may be true, but it cannot be laid down as a fundamental, either of substantive law or of pleading.

Such a deed may be questioned as any other deed, and if attacked by a sufficient pleading and preliminary proof, the burden is upon the one who claims the benefit of the transaction to explain it by clear and satisfactory evidence. One who would do so must be a creditor having an existing equity —a cause of action—at the time of the transfer, and he must allege the relationship, the transfer, and that the grantor is without other property to satisfy his debt.

Whenever the question has been squarely put up to the court, it has held that a deed from a husband to his wife carries no presumption of fraud. Such deeds have the sanction of the statute, Rem. & Bal. Code, § 8766 (P. C. 95 § 47):

"As between the parties [husband and wife] the conveyance was absolute and good as against the grantor [so good— in fact, as the court continues] and no interest, legal or equitable, remained in the grantor upon which a lien of judgment subsequently rendered could attach." *Sawtelle v. Weymouth,* 14 Wash. 21, 43 Pac. 1101.

The effect of such deeds has been considered by the court in *Klosterman v. Harrington,* 11 Wash. 138, 39 Pac. 376; *Hayden v. Zerbst,* 49 Wash. 103, 94 Pac. 909; *Shorett v. Signor,* 58 Wash. 89, 107 Pac. 1033; *Powers v. Munson,* 74 Wash. 234, 133 Pac. 453; *Smith v. Weed,* 75 Wash. 452, 134 Pac. 1070.

In *Malloy v. Benway,* 34 Wash. 315, 75 Pac. 869, the court said, in considering the effect of a deed made by a husband to his wife:

"We think that it is a safe general rule to assume that parties in their dealings are actuated by proper motives; that, therefore, good faith with regard to such dealings will be presumed until the contrary is alleged or made to appear."

If any effect at all is to be given to the statute, it should follow that one who questions a deed from a husband to a wife should at least plead the making of the deed and a plain and concise statement of the facts that give him standing to question it.  Otherwise we would be put to the holding that a defendant might be put to the burden of pleading no fraud where none is alleged.

The statute relied on, Rem. & Bal. Code, § 5292 (P. C. 95 § 3), puts the burden of proving the good faith of the transaction upon a wife who is the grantee of her husband, but it nowhere exempts the transaction of the ordinary rules of pleading.  Fraud is never presumed.  The burden of pleading fraud is always on the one who asserts it.

It is said in *Wagner v. Law, supra,* there is no substantial distinction between a case that is brought before and one that is brought after a sale, and further, that it is better to have a uniform practice, regardless of the particular proceeding adopted by the creditor.  In this connection it is not out of place to say that it may well be doubted whether appellants' complaint sets up an existing equity.  The mere assertion of a hostile title—the complaint goes no further—would hardly fall within the definition of the term.

"One must be said to have an existing equity when he has an existing right to future payment, though it be contingent, of which it would be inequitable to deprive him." *Sallaske v. Fletcher,* 73 Wash. 593, 132 Pac. 648, Ann. Cas. 1914 D. 760, 47 L. R. A. (N. S.) 320.

Nor do we think that appellants can recover under our holdings that, where a trial has proceeded on the merits, we will deem the pleadings amended to conform to the proofs. Rem. & Bal. Code, §§ 307, 1752 (P. C. 81 §§ 303, 1255). This case comes to us upon disputed facts, and to apply the rule of the statute we must find that the party who invokes it has sustained his right to maintain the case by competent evidence.  If there are no facts, there can be no amendment. The trial court made no finding of facts.  What purports to

be findings are no more than the legal conclusions that respondent has title and appellants have not.

Granting that, if the proofs were otherwise sufficient, we would hold that we would consider the pleading amended so as to allege that Milton S. Lee had no other property out of which the debt could be satisfied, appellants still could not attack the deed to respondent or invoke the aid of the statute of amendments, unless they first show that the debt which is the basis of their claim was that of a creditor having an existing equity at the time the deed was made. Otherwise the deed is good as between the parties and as against all the world. It is not "presumptively fraudulent." It may be actually or constructively fraudulent as to such creditors as the statute makes the object of its solicitude, and who have proved themselves to have sufficient standing to put the respondent to her proof. The true rule can be best stated by resort to two of our former decisions.

"While it may be true that a conveyance from a husband to a wife is not of itself a badge of fraud, either under the rule of the statute or the general rule cited, it is nevertheless a fact, which naturally awakens suspicion, lends greater weight to other unfavorable circumstances, and will be for that reason set aside upon less proofs of fraud than will a transaction between parties not having the same confidential relation." *Bates v. Drake,* 28 Wash. 447, 68 Pac. 961.

"To attack the validity of a conveyance, the person asserting the fraud must be one who has been injured by the fraud; and, accordingly, a creditor of the debtor may so attack the conveyance. A conveyance made without consideration is presumptively fraudulent as to existing creditors of the grantor. *However, there is no presumption that such a transfer was made with a view to defraud subsequent creditors.* It becomes material, then, to determine whether Henry was a creditor of Yost and wife when the deed to Schroeder was executed." *Henry v. Yost,* 88 Wash. 93, 152 Pac. 714.

It will be seen, therefore, that there is no place to apply the rule, for appellants have not proven the debt, which was the foundation of the foreign judgment, to have been either

"an existing debt" or "an existing equity" at the time the deed was executed. For these reasons, the cases relied upon by the appellants, *Brown v. Baldwin*, 46 Wash. 106, 87 Pac. 483; *Plath v. Mullins*, 87 Wash. 403, 151 Pac. 811; *Benham v. Hawkins*, 82 Wash. 390, 144 Pac. 532, are not in point.

If, after a trial upon the merits, the court can find from the facts, or from the fair inferences of facts, that a material fact has been proven although not pleaded, the court will readily apply the rule of these cases; but in none of our decisions, do we apprehend, has the court ever substituted for a material fact the grace and favor of the statute.

After reciting the appearances, the trial judge certifies the course of the trial to be:

"Thereupon the plaintiffs introduced as plaintiffs' exhibit 'A' the deed of purchase issued by the sheriff of said county to the plaintiff Crandall covering the premises described in plaintiffs' complaint. The plaintiffs also introduced as plaintiffs' exhibit 'B' all of the records and files in cause No. 2637 in said Kitsap county entitled 'William Crandall and J. N. Conn, plaintiffs versus Milton S. Lee and wife, defendants' including also the depositions in said cause of the said defendants Lee and wife.

"The defendant herein thereupon introduced in evidence as defendant's exhibit 1, the deposition in this cause of the defendant herein, Elizabeth M. Lee, the wife of said Milton S. Lee; and also introduced, as defendant's exhibit 2, the certain deed to the said premises in controversy executed by the defendant Milton S. Lee to his said wife Elizabeth Lee."

The findings of fact in the action in which the sale was had recites no more than the rendition of the judgment in the courts of New Mexico upon the 20th day of April, 1911; and the judgment, no more than that the "same is hereby established and declared to be a valid lien upon all the interest of the defendant, Milton S. Lee, individually, and the community interest of Milton S. Lee and Elizabeth M. Lee, his wife, in the lands, etc."

We know of no rule that would bind the respondent beyond the terms of the judgment. It is clear, therefore, that appellants have not proved that they stand in the shoes of a creditor having an existing equity at the time the deed to the respondent was made, under the doctrine of *Henry v. Yost, supra*, and *Eggleston v. Sheldon*, 85 Wash. 422, 148 Pac. 575.

Affirmed.

MORRIS, C. J., MOUNT, ELLIS, and FULLERTON, JJ., concur.