[No. 14641.  Department Two.  August 7, 1918.]

WILLIAM BROWITT *et al., Respondents,* v.
LOTTIE FIEGLE *et al., Appellants,*
FRANK FIEGLE, *Defendant.*[1]

FRAUDULENT CONVEYANCES—TRANSACTIONS BETWEEN HUSBAND AND WIFE—SUBSEQUENT CREDITORS.  Deeds made by husband to wife at a time when he was free from debt and not contemplating engaging in a hazardous occupation, for the purpose of settling advances made to him by the wife and on full consideration, are not fraudulent as to subsequent creditors.

SAME—TRANSACTIONS BETWEEN HUSBAND AND WIFE—GOOD FAITH —BURDEN OF PROOF.  Where the good faith of a transaction between husband and wife is assailed, the burden of proof is upon the party asserting the good faith, under Rem. Code, § 5292.

SAME—FAILURE TO RECORD DEED—EFFECT.  If a wife's failure to record her deed from her husband is not due to bad faith or to a fraudulent intent, she is not estopped from asserting title against her husband's creditors.

SAME — TITLE OF GRANTEE — IMPEACHMENT BY DECLARATIONS OF GRANTOR.  A grantee's title cannot be impeached by declarations of the grantor made subsequent to the transfer, showing the grantor's fraudulent intent as to his creditors.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered July 17, 1917, in favor of the plaintiffs, in an action by creditors to set aside fraudulent conveyances.  Reversed.

*R. A. Wilcox (Hovey & Hale,* of counsel), for appellants.

*Harry L. Brown* and *E. E. Wager,* for respondents.

CHADWICK, J.—This joint action is brought by two judgment creditors to set aside a deed from Frank Fiegle to his wife, Lottie Fiegle, and also a deed from her to her son, Erich Fiegle.  From a decree in favor of the plaintiffs, Lottie and Erich Fiegle have appealed.

[1]Reported in 174 Pac. 444.

The judgments were entered on the 27th day of January, 1917. Executions were issued on both judgments on the 2d day of February following, and returned "wholly unsatisfied." The property sought to be subjected to the judgments is certain lots in the town of Kittitas. On the 12th day of January, 1911, Frank Fiegle executed and delivered two deeds to his wife, one conveying to her a tract of farm land, the other conveying to her the property in controversy. The former was promptly filed for record, but the latter was not filed until the 17th day of February, 1916. On the 19th day of January, 1917, Lottie Fiegle conveyed the property to her son Erich. The respondents are not claiming as creditors of Frank Fiegle at the time he executed the deeds to his wife.

The record presents two principal questions: (1) Did Frank Fiegle convey the Kittitas lots to his wife with the intention of defrauding subsequent creditors? (2) If not, can the judgment creditors set aside her deed because she withheld it from the records?

The first question must receive a negative answer. At the time that he made the deeds, he was not contemplating engaging in a hazardous occupation. He was practically free from debt. He owned real estate in Roslyn of the value of two thousand dollars or more. This was community property, but stood in his name. The parties were married in 1894. The wife then had something in excess of three thousand dollars, which she loaned to her husband at different times. Substantially the entire purchase price of both pieces of property was furnished by the wife. The deeds were made for the purpose of settling the advances which the wife had made from her separate funds.

It cannot be questioned that a husband who is free from debt may make a voluntary conveyance of his property, either to his wife or to a third party. In the

case at bar, the conveyance was not voluntary but for a full consideration.

There is no presumption between strangers that a party has transferred his property with a view to defraud subsequent creditors. The burden of proving fraud is upon the creditor. *Henry v. Yost,* 88 Wash. 93, 152 Pac. 714; *Crandall v. Lee,* 89 Wash. 115, 154 Pac. 190. In a transaction between husband and wife the good faith of which is assailed, the burden of proof is upon the party asserting the good faith. Rem. Code, § 5292.

The second question is one of mixed law and fact. If the wife's failure to record the deed was not due to bad faith or to a fraudulent intent, she is not estopped from asserting title. *Kemp v. Folsom,* 14 Wash. 16, 43 Pac. 1100. In *Petrovitsky v. Smith,* 86 Wash. 151, 149 Pac. 641, it was said that the filing of a deed for record about two years after its execution was only a circumstance from which a fraudulent intent might be inferred.

The case of *Kalinowski v. McNeny,* 68 Wash. 681, 123 Pac. 1074, is relied upon by the respondents for an affirmance of the judgment. The record there showed a juggling of the property involved which warranted the court in inferring a fraudulent intent. The court said:

"When the wife's creditors are pressing, the husband owns the land; when the husband's creditors are pressing, the wife owns the land."

We think the evidence shows that the failure to record the deed to the town lots was due to inadvertence. The other deed was promptly recorded. The evidence does not warrant the conclusion that the deed was purposely withheld from the records or that there was any fraudulent intent.

We have not overlooked the testimony of Browitt, Beal, and Kitchin. Browitt and Beal each said that Frank Fiegle told him, long subsequent to the execution of the deed, that he owned the lots. Kitchin said that Fiegle told him that he would like to beat Beal and Browitt. These statements are denied by Fiegle. It is elementary that a grantor cannot impeach the title of the grantee by declarations made subsequent to the transfer of title.

What we have said makes it unnecessary to consider whether the deed from the mother to the son was for an adequate consideration. We think Lottie Fiegle has sustained the burden which the statute puts upon her.

Reversed.

MAIN, C. J., HOLCOMB, MOUNT, and MACKINTOSH, JJ., concur.