## HAYS v. SOUND TIMBER CO.[*]

(Circuit Court of Appeals, Ninth Circuit. December 1, 1919.)

No. 3283.

1. EXECUTION ⊜⟫276(1, 2)—PURCHASE AT SALE BY PLAINTIFF; EFFECT OF VACATION OR REVERSAL OF JUDGMENT.

    The vacation or reversal of a judgment operates to vacate an execution sale made thereunder as between the parties, where the execution plaintiff is the purchaser.

2. JUDGMENT ⊜⟫345—POWER TO VACATE; EFFECT OF SATISFACTION BY SALE.

    Under the law of Washington, established by decision of its Supreme Court, the satisfaction of a judgment by execution sale does not deprive the court of jurisdiction to vacate the judgment for fraud or insufficiency of service.

3. EXECUTION ⊜⟫264—TITLE OF PURCHASER AT SALE.

    An execution sale of land under a personal judgment by default against certain defendants held not to convey title as against an answering defendant, which acquired the title from its codefendants before suit by a conveyance the validity of which was not impeached.

4. RELEASE ⊜⟫27—DISCHARGE OF PURCHASER OF LAND AS RELIEVING GRANTEE NAMED IN DEED.

    A receipt executed on settlement of a pending suit for commissions on purchase of lands for defendants therein, releasing them "and any others interested with them" from any claim for such commissions, held a bar to relief in a subsequent suit against their grantee, based on such claim.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

---

⊜⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied February 9, 1920.

Suit by W. F. Hays, substituted for the Sumpter Lumber Company, against the Sound Timber Company. Decree for defendant, and complainant appeals. Affirmed.

W. F. Hays, of Seattle, Wash. (Metson, Drew & MacKenzie, of San Francisco, Cal., of counsel), for appellant.

Peters & Powell, of Seattle, Wash., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. In December, 1906, the appellant in the present suit brought an action in the superior court of King county, Wash., against the appellee in the present suit, a corporation of the state of Iowa, and the Richardson Land & Timber Company, an Iowa corporation, and M. N. Richardson, B. W. Bawden, Joe R. Lane, Fred Wyman, and Sewell Dodge, residents of Iowa, and G. B. Peavey, a resident of the state of Washington, alleging in that action that the defendants therein were indebted to him in the sum of $87,500, for services in securing the purchase of certain timber lands in Washington, the title to which had been conveyed to the appellee herein. The plaintiff in that action caused the lands to be attached as the property of the nonresident defendants. The appellee and Peavey were served personally and answered on the merits, denying the substantial allegations of the complaint and setting up affirmative defenses. The other defendants were served by publication. While the action was pending between the appellant and the defendants who had answered, the appellant caused default to be entered against the other defendants, and on June 13, 1908, obtained a judgment against them by default, and on writs of execution issued thereon proceeded to sell at sheriff's sale the interests of the said defendants in some 50,000 acres of land. On October 23, 1908, the said defendants moved the said superior court to vacate the judgment and the sales made thereunder, on the ground that the same were fraudulently entered, without notice, and without sufficient service. On December 2, 1908, the motions were sustained, and an order was entered vacating the judgment and the sales thereunder. On appeal to the Supreme Court of the state that order was affirmed. Hays v. Peavey, 54 Wash. 78, 102 Pac. 889.

In the meantime the appellant had obtained sheriff's deeds to the property so sold on execution. On November 6, 1912, the appellant brought the present suit to quiet the title alleged to have been obtained through the sheriff's deeds; the bill alleging that the appellee, when the lands were conveyed to it in 1902, took title with full notice of the rights and equity of the appellant, and with intent to defraud him out of the money agreed to be paid to the appellant under the contract, by which he rendered services in acquiring title to said lands, and praying that said conveyance be declared fraudulent and void, and that the appellant be adjudged to have title to the lands described. The appellee answered, denying the appellant's claim of title, and alleging title in itself by conveyances of date January 21, 1902, and setting up certain affirmative defenses. Upon the issues and the evidence the court below found the equities with the appellee, and adjudged it

to be the owner in fee simple of all the lands involved in the controversy.

[1] One of the appellee's affirmative defenses was the vacation of the judgment and sales in the state superior court under which the appellant claims title. It is the general rule, and it has been so held in the state of Washington, that, where the execution plaintiff is purchaser, the vacation or reversal of the judgment operates to vacate the sale as between the parties. 17 Cyc. 1310; Benney v. Clein, 15 Wash. 581, 46 Pac. 1037.

[2] The appellant contends that the vacation of the judgment of the state court in the action at law was void for want of jurisdiction of the court over the subject-matter of the proceeding, inasmuch as judgment had been entered, execution had been issued, and sales thereunder had been made, whereby the judgment was satisfied before proceedings were initiated to vacate the judgment and the sales, and he denies the conclusiveness of the adjudication of the state Supreme Court in Hays v. Peavey, 54 Wash. 78, 102 Pac. 889, for the reason that in the opinion the court erroneously recited, and proceeded on the assumption, that the motion to vacate preceded the sales and the confirmation, whereas in fact the latter were both prior to the motion to vacate.

So far as the conclusiveness of the adjudication is concerned, it is sufficient to say that, if the judgment of the Supreme Court is not conclusive, the judgment of the superior court is; it not having been reversed. It has been held in a number of cases that a judgment may not be vacated for fraud or mistake or irregularity after the amount thereof has been collected by payment or by levy and sale on execution. But the reverse has been held in several states, among which is the state of Washington. Barker v. City of Seattle, 97 Wash. 511, 166 Pac. 1143. In that case the court said:

"Some contention is made that the superior court had no power to vacate the eminent domain judgment, because it was satisfied upon the superior court records. As a question of error in entering the vacation order, this suggests a problem of interest as to which there seems to be some conflict in the decisions. 23 Cyc. 893. It seems plain to us, however, that it does not have any controlling force upon the question of the jurisdiction of the superior court over the subject-matter of vacating the eminent domain judgment as exercised in the vacation proceeding here in question. We conclude that the order of vacation is not void for want of jurisdiction over the subject-matter."

Upon the construction so given to the laws of the state by the highest court of the state, we think it clear that the vacation of the appellant's judgment and the sales thereunder made is a conclusive defense to his claim of title in the present suit.

[3] But, irrespective of that defense, there is other ground on which the decree of the court below herein should be affirmed. The appellant's judgment against the defaulting defendants in the law action in the state court was a personal judgment for a personal debt. Under that judgment sale was made of the right, title, and interest of those defendants in the lands which were levied upon. Before the appellant could quiet title to those lands, he would be required to show that

while he was a creditor of the defendants to whom the lands were sold, the latter conveyed the lands to the appellee, either without consideration or with the intention to hinder, delay, and defraud the appellant, and to show in addition that these defendants had not sufficient property remaining after such conveyance wherewith to satisfy the appellant's demand. Crandall v. Lee, 89 Wash. 115, 154 Pac. 190; Henry v. Yost, 88 Wash. 93, 152 Pac. 714.

The appellant failed to prove, and produced no evidence to show, that the conveyances were fraudulent or without consideration. The appellee, on the other hand, furnished undisputed testimony that the appellee herein was organized in the state of Iowa in December, 1899, for the purpose of buying and dealing in timber lands in the state of Washington, and that it furnished the money with which said defaulting defendants purchased the lands, and that the purchasers in buying the same acted for and on behalf of the corporation, and that testimony is not discredited by the circumstance that but a nominal consideration was named in the conveyance to the appellee. The judgment by default in the law action could have no effect on the title of the appellee. The appellee made its appearance in that action, and by its answer traversed the material averments of the complaint. The issue so created has never been determined. The appellee stands in this suit claiming title to all the lands. The appellant has furnished no evidence sufficient to defeat that claim of title.

[4] Again, it appears from the record that in July, 1902, the appellant herein commenced an action in the United States Circuit Court for the Southern District, Eastern Division, of Iowa against M. N. Richardson and the Richardson Land & Timber Company as defendants, in which the plaintiff alleged that on or about December 1, 1898, the defendants engaged his services to purchase for them a body of timber land in Washington at $12.50 per acre, the plaintiff to have of such sum for his services as broker the difference between the amounts actually paid to the vendors of the land and the sum of $12.50 per acre; that he performed such services, and that the amount due him therefor under the agreement, and for which he demanded judgment, was $160,000, with interest. The defendants answered, and upon the conclusion of a jury trial the court directed the jury to return a verdict for the defendants, which was accordingly done, and judgment thereon was entered. Thereafter, on September 14, 1904, the plaintiff, in consideration of $7,000 paid to him, executed a receipt to the Richardson Land & Timber Company, the Sound Timber Company, the appellee herein, M. N. Richardson, D. P. Simmons, and G. B. Peavey—

"in full settlement of any and all claims or demands by me against either, any, or all of them, and in particular in full settlement and release of any and all claims and demands by me set up in a certain action brought by me and in my name in the Circuit Court of the United States for the Southern District of Iowa, Eastern Division, against Richardson Land & Timber Company and M. N. Richardson, in which action I claim a large amount of money as due me from them as commission or profits arising out of a purchase of certain timber lands therein described. And I release and discharge each and all of said parties first named and any others interested with them, from any claims by me on account of the purchase of said timber land, or any other timber land, wherever situate. And I hereby waive

any appeal or writ of error from the judgment heretofore rendered in the said action against me."

The lands involved in the action in the superior court of the state of Washington were the same lands that were involved in the action in Iowa, the same alleged contract for services in purchasing the land is involved, and the complaints in both actions are substantially the same, except that in the Washington case the plaintiff alleges that G. B. Peavey was interested with him in the transaction, and that the aggregate which he and Peavey were entitled to receive for their services was $175,000, of which the plaintiff was entitled to one-half, or $87,500, for which he demanded judgment. We think it clear that the receipt so given on September 14, 1914, was an absolute release and acquittance of the plaintiff's claim and demand against any and all of the persons who purchased the lands. It is true that the Iowa suit was brought against M. N. Richardson and the Richardson Land & Timber Company only; but the receipt ran, not only to the defendants in that action, but to Simmons and Peavey, and it contains a release and discharge of said parties—

"and any others interested with them from any claims by me on account of the purchase of said timber land or any other timber land wherever situate."

It is obviously a receipt given in consideration of the waiver of right of appeal from the judgment, and in full settlement of all claims and demands of the plaintiff in that action against any and all the parties interested in purchasing said lands in the state of Washington.

The decree is affirmed.